RYDER, Judge.
Harvey Alexander alleges his right to counsel was violated by the trial court by accepting a purported waiver of counsel without making an adequate inquiry into the intelligent nature of his so called waiver. We • reluctantly agree and reverse.
Alexander was charged with grand theft in violation of section 812.014, Florida Statutes (1981). He.was arraigned before one judge who, after a short colloquy with Alexander, found he had waived his rights to counsel and to jury trial. Later, the matter was tried before a different judge without a jury. Alexander was found guilty as charged and sentenced to prison for two years. Neither judge made an adequate inquiry into Alexander’s purported waiver and in view of our holdings in Morgano v. State, 439 So.2d 924 (Fla. 2d DCA 1983) and Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983), we hold that both judges below failed to make a penetrating and comprehensive examination of Alexander so that they could treat his implicit waiver of the right to counsel as a knowing and intelligent one.
Therefore, we REVERSE the judgment and sentence and REMAND for a new trial.
HOBSON, A.C.J., and LEHAN, J., concur.