DOWNEY, Judge.
While incarcerated in the county jail on other charges, appellant allegedly attempted to “burn the jail down,” which gave rise to a new charge of arson. In addition, appellant was charged with battery on two law enforcement officers.
During the course of the pretrial proceedings the court appointed three successive public defenders to represent appellant. Each was allowed to withdraw because of appellant’s conduct, which, among other things, involved the filing of a grievance against counsel with the Florida Bar, accusations of railroading and colluding with the State, as well as threats of retribution. The trial court warned appellant that he was running out of public defenders and appellant might eventually have to represent himself if his intransigence continued. Finally, when the third public defender withdrew, the trial court advised appellant that, as in baseball, "three strikes and you are out”; appellant would have to represent himself. Appellant contended he could not represent himself and wanted a lawyer; but the trial judge, no doubt fed up with appellant, refused to appoint another lawyer to represent appellant.
We are extremely sympathetic with the trial judge. It would seem that appellant had made his bed and should have been required to lie in it. However, as we understand the law in this state today, before a trial judge can require, or even allow, a defendant in a criminal case to represent himself, the judge must conduct an inquiry to determine whether the defendant is capable of defending himself. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Here, appellant had filed pleadings himself and argued some of them, so it might be contended that the judge already knew appellant was able. However, we do not believe that the filing of pretrial motions meets the requirements of a true Faretta inquiry. See, too, Mitchell v. State, 407 So.2d 1005 (Fla. 5th DCA 1981); Mansfield v. State, 430 So.2d 586 (Fla. 4th DCA 1983); Smith v. State, 444 So.2d 542 (Fla. 1st DCA 1984); Drago v. State, 415 So.2d 874 (Fla. 2d DCA 1982). Furthermore, appellant protested that he could not represent himself; that in *1076 the future he would behave; and our review of the record indicates appellant was not really competent to represent himself. In addition to having no counsel at trial, appellant was also refused counsel at sentencing, although he requested it. This violated Florida Rule of Criminal Procedure 3.111(d)(5).
Accordingly, with a great degree of reluctance, we are constrained to reverse appellant’s conviction and sentence and remand the cause for a new trial.
REVERSED AND REMANDED.
DAUKSCH, JAMES C., and PURDY, H. MARK, Associate Judges, concur.