549 So.2d 1147 (1989)
Curtis Eugene SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1577.
District Court of Appeal of Florida, Third District.
October 10, 1989.
Bennett H. Brummer, Public Defender and Peggy Fisher, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
The defendant was convicted of grand theft, second-degree, and sentenced to five years imprisonment. Because we cannot conclude from the record that the defendant knowingly and understandingly waived his right to counsel, we reverse.
The trial judge asked the defendant a number of questions pertaining to his education and life experience. The defendant related that he had successfully represented himself on several previous occasions. This exchange adequately reflected his ability to act pro se. The defendant, however, was not advised of the pitfalls of acting as his own lawyer, Drago v. State, 415 So.2d 874, 877 (Fla.2d DCA 1982), nor was he advised of the potential sentence he might face if found guilty. Felton v. State, 438 So.2d 1049 (Fla.3d DCA 1983).
The court's effort to apprise the defendant of the dangers and disadvantages of self-representation consisted solely of the judge's statement:
Do you understand with a grand theft second degree charge and a strong-arm robbery you're facing substantial state prison time?
Without adequate warning as to the severity of the charge or its possible penalty, we cannot confirm that the defendant made an "intelligent and understanding choice." See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); DiBartolomeo v. State, 450 So.2d 925 (Fla. 4th DCA 1984); Keene v. State, 420 So.2d 908 (Fla. 1st DCA 1982), review denied, 430 So.2d 452 *1148 (Fla. 1983); Drago v. State, 415 So.2d at 874; Fla.R.Crim.P. 3.111(d).
Accordingly, the judgment of conviction is reversed, the sentence entered thereon is vacated, and the case remanded.