566 So.2d 340 (1990)
Walter Lee HAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 88-00461.
District Court of Appeal of Florida, Second District.
August 31, 1990.
*341 Walter Lee Hayes, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, Walter Lee Hayes, challenges the judgments and sentences imposed upon him after he was adjudicated guilty of burglary and battery. We reverse and remand for a new trial because the trial court erred by failing to sufficiently inquire as to whether appellant's waiver of counsel was knowing and intelligent.
Appellant was charged with burglary, battery, and petit theft. After the nonjury trial, the trial court found appellant guilty of burglary and battery, but not guilty of petit theft. Appellant was adjudicated guilty of burglary and battery. He was sentenced to five and one-half years imprisonment followed by three years probation on the burglary charge. On the battery charge, he was sentenced to time served.
At the first pretrial hearing, the trial court asked whether the appellant had the financial ability to hire an attorney and whether he wanted a public defender. Appellant responded that he did not have the financial ability to hire an attorney, but that he would represent himself. The court then inquired as to his education. Appellant answered "12th grade." The trial court asked if appellant understood that he would be held to the same rules of evidence and procedure as anyone else. Appellant answered in the affirmative.
The trial court asked if appellant understood the charges filed against him and that burglary of a dwelling carried a fifteen year prison term. Appellant indicated that he understood. The trial court then allowed appellant to waive reading of the charging instrument and to enter a plea. The appellant pled not guilty. The trial court asked if he desired a jury trial to which appellant responded that he would "take the four years." Appellant was allowed to review a waiver of jury trial form. He indicated he understood it. The trial court allowed appellant to waive jury trial and set a date for a nonjury trial.
At a subsequent hearing, the trial court asked appellant his age and if he had been in prison. Appellant answered that he was thirty-eight and had previously been in prison. The trial court asked appellant's wife if appellant was disabled. She indicated he was disabled and was receiving compensation.
At yet another hearing, the trial court inquired about the nature of appellant's disability and if appellant had ever been psychologically evaluated. Appellant indicated it was a physical disorder, that he had been psychologically evaluated, but that he had not been found incompetent.
The nonjury trial was held. The trial court, without further inquiry or a renewed offer of assistance of counsel, allowed appellant to represent himself.
*342 A defendant may waive his right to counsel but the trial court must ensure that the defendant is literate, competent, and understanding, and that his choice is informed and voluntary. Muhammad v. State, 494 So.2d 969 (Fla. 1986), citing, Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Florida Rule of Criminal Procedure 3.111(d) codifies that the trial court must inquire of the defendant's mental condition, age, education, experience, the nature or complexity of the case, or other factors. The trial court must advise the defendant of the benefits and disadvantages of self-representation. Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983); Morgano v. State, 439 So.2d 924 (Fla. 2d DCA 1983).
Even if we could collectively consider the various questions asked at the separate hearings, we would still not find the inquiry was sufficient. The trial court's inquiry was inadequate because the court did not inquire as to the appellant's experience nor adequately inform him of the dangers of self-representation. Williams. Further, the trial court did not renew an offer of assistance of counsel when the trial began. See Fla.R.Crim.P. 3.111(d)(5). We find the appellant is entitled to a new trial.
At the sentencing stage, the trial court learned that appellant's disability was epilepsy and that he was on medication. This fact does not convince us, and we do not agree with appellant's contention, that the trial court erred by permitting appellant to proceed pro se because he was mentally incompetent.
Finally, appellant contends and the state concedes that it was error not to renew the offer of counsel at sentencing. Gurchick v. State, 439 So.2d 1002 (Fla. 2d DCA 1983); Fla.R.Crim.P. 3.111(d)(5). In light of our decision that a new trial is called for, it is not necessary to remand for resentencing.
We hold that since there was an inadequate inquiry as to appellant's knowing and intelligent waiver of counsel, appellant is entitled to a new trial. Accordingly, we reverse and vacate the judgments and sentences and remand for a new trial.
SCHOONOVER, C.J., and CAMPBELL and THREADGILL, JJ., concur.