## RIGGS v STATE OF FLORIDA

## Case No. 90-61 AP (Lower Court Case No. 90-15398 MM)

Fourth Judicial Circuit, Duval County

December 7, 1990

### APPEARANCES OF COUNSEL

Office of the Public Defender, for appellant.
Office of the State Attorney, for appellee.

### OPINION OF THE COURT

DOROTHY H. PATE, Circuit Judge.

Appellant appeals his conviction for battery, pursuant to Section 784.03(1), Florida Statutes. He argues on appeal that the trial court erred in allowing him to waive his right to counsel at trial and during sentencing because the court failed to determine that he appreciated the seriousness of the charges and was capable of representing himself

pursuant to Rule 3.111(d), Florida Rules of Criminal Procedure, and *Crutchfield v State,* 454 So.2d 1074 (Fla. 4th DCA 1984). Appellee, the State of Florida, concedes that the trial court committed reversible error by allowing Appellant to waive his right to counsel. Therefore, Appellant's conviction for battery is reversed and this cause is remanded for further proceedings, including the appointment of counsel, if Appellant wishes to have an attorney represent him and financially qualifies for such counsel. The trial court shall not accept another waiver of counsel unless the court first makes a thorough inquiry into Appellant's comprehension of the offer of counsel and his capacity to make the choice intelligently and understandingly and an inquiry into Appellant's mental condition, age, education, experience, the nature or complexity of the case and other relevant facts. *See* Rule 3.111(d), Fla.R.Crim.P. The offer of assistance of counsel must be made at each stage of the proceedings below, including sentencing. This cause is remanded to the County Court for further proceedings not inconsistent with this order.

DONE AND ORDERED at Jacksonville, Duval County, Florida, this 7th day of December, A.D., 1990.