PER CURIAM.
We reverse appellant’s conviction on all counts in case number 88-2853-CF because the inquiry into whether appellant knowingly and intelligently waived counsel was inadequate. The trial court did not inquire into factors such as appellant’s mental condition, knowledge and experience in criminal proceedings, or capacity to make the decision. Nor was appellant informed of the benefits associated with the right to counsel he was relinquishing or the dangers of self representation. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Johnston v. State, 497 So.2d 863 (Fla.1986); Clark v. State, 442 So.2d 1044 (Fla. 4th DCA 1983); Fla.R. Crim.P. 3.111(d). The factor that standby *1048 counsel may be available does not modify the extent of necessary inquiry.
We find no error in the denial of appellant’s motion to suppress or in the eviden-tiary issues raised. The sentencing error is now moot.
HERSEY, C.J., and WALDEN, JAMES H., (Retired), Associate Judge, concur.
STONE, J., concurs specially with opinion.