576 So.2d 1379 (1991)
Jimmie Lee COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00030.
District Court of Appeal of Florida, Second District.
April 5, 1991.
Roger A. Alcott, Lakeland, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Jimmie Lee Cooper was convicted of trafficking in cocaine, was sentenced to fifteen years' imprisonment to be followed by fifteen years' probation, and was fined $250,000.00. Cooper alleges error in the trial court's determination of solvency, and in its decision to require Cooper to proceed to jury trial pro se without first determining that he had the ability to intelligently waive counsel as required by Florida Rule of Criminal Procedure 3.111(d). We agree and reverse.
The appellant initially retained private counsel who was later allowed to withdraw due to the appellant's failure to make payments for attorney's fees. The appellant made two additional attempts to hire private attorneys, but was unsuccessful. The appellant requested that counsel be appointed, but was determined to be solvent by a judge who was substituting for the trial judge. This initial determination of solvency was made while the appellant was free on bond and was employed. He was subsequently remanded into custody. One month later, he appeared before the trial court at a status conference and again requested that counsel be appointed. After conducting an inquiry into his financial condition, the trial court found the appellant solvent and denied his request. The appellant made two additional requests for the appointment of counsel at subsequent court appearances, both of which were denied based upon the previous solvency determination. Thereafter, the appellant represented himself at jury trial, and was found guilty as charged.
The appellant was incarcerated for the three months immediately preceding his trial. During this time, he no longer received income from his employment. On the day of trial, the trial court immediately proceeded with jury selection. No further inquiry was made into the appellant's financial ability to employ counsel. In fact, when the appellant renewed his request for counsel during jury selection, the trial court stated, "[w]e are not up here to reargue that. That's an issue that's been decided." Even had a valid initial determination *1380 of non-indigency been made, that early determination does not, without repeated inquiry, constitute a waiver of the right to counsel at later stages when the defendant appears without counsel. Fla.R.Crim.P. 3.111(d)(5); Enrique v. State, 408 So.2d 635 (Fla. 3d DCA 1981), review denied, 418 So.2d 1280 (Fla. 1982).
Moreover, the record does not establish that the appellant's implicit waiver of counsel was knowingly and intelligently made. Florida Rule of Criminal Procedure 3.111(d)(2) requires a thorough inquiry into an accused's capacity to intelligently and understandingly waive counsel before such a waiver may be accepted. Although the record establishes that the appellant had completed three and one-half years of college, this information alone does not satisfy the trial court's obligation. The trial court did not examine the appellant as to his background and experience, his ability to defend himself against the state's charges, or his mental condition. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Drago v. State, 415 So.2d 874 (Fla. 2d DCA 1982); Crutchfield v. State, 454 So.2d 1074 (Fla. 4th DCA 1984). Finally, there is no indication on the record that the appellant was apprised of the dangers and disadvantages of self-representation. See Morgano v. State, 439 So.2d 924 (Fla. 2d DCA 1983); DiBartolomeo v. State, 450 So.2d 925 (Fla. 4th DCA 1984). Under these circumstances, we cannot say that the appellant knowingly and intelligently waived his right to counsel. See Alexander v. State, 446 So.2d 1189 (Fla. 2d DCA 1984).
Accordingly, we reverse the judgment and sentence and remand for a new trial.
DANAHY, A.C.J., and FRANK, J., concur.