596 So.2d 1184 (1992)
John L. BURTON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3160.
District Court of Appeal of Florida, First District.
April 6, 1992.
Spiro T. Kypreos, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Suzanne G. Printy, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant, defendant below, was convicted of grand theft, after a jury trial; and sentenced to ten years in prison as an habitual violent felony offender. He seeks review of both his conviction and sentence. Because we conclude that the trial court allowed appellant to represent himself at trial without making the inquiries necessary to determine that appellant had knowingly and intelligently waived his right to counsel, we reverse.
Shortly after appellant had been arrested on the charge of grand theft auto, the public defender's office, which had been appointed to represent appellant, filed a *1185 motion for leave to withdraw as appellant's counsel because of a conflict of interest involving another individual represented by that office. The trial court granted the motion, and appointed a private attorney to represent appellant. Approximately two months after that attorney had been appointed, he, too, filed a motion for leave to withdraw. That motion alleged that appellant "ha[d] expressed a desire for a change of counsel, and the attorney/client relationship ha[d] deteriorated to a point where the ... attorney no longer believe[d] that he [could] render effective assistance... ." The trial court granted that motion as well, and appointed a second private attorney to represent appellant. Some four months later, that attorney was permitted to withdraw, and yet another was appointed to represent appellant. (The reasons for this change in attorneys cannot be ascertained from the record.)
On the day set for commencement of the trial, appellant, in proper person, filed a "Motion for Attorney to Withdraw," in which he expressed his dissatisfaction with the attorney most recently appointed to represent him. (According to the motion, the attorney had failed to depose two "vital" witnesses and had failed to file a motion to dismiss. The motion also alleged the existence of a "personal and political" "conflict of interest.") The motion concluded with the statement that "[appellant] is not competent enough to provide assistist [sic] in his own behalf," thereby suggesting that what appellant was requesting was that the attorney then representing him be replaced by another appointed attorney.
At a hearing held before the scheduled commencement of the trial, appellant explained that he was dissatisfied with his appointed counsel, and that he did not want that attorney involved any further in the case. Appellant said, "I don't really care if I have to represent myself. If the Court sees fit that I have to do so, so be it." At that point, the following discussion took place:
[Prosecutor]: Your Honor, based upon my knowledge of the case ..., I believe that the allegations that [appellant] is now making are spurious... . I do not believe [appellant] is in a position to represent himself... .
[Appellant]: I've represented myself before, Your Honor, and I'll represent myself again.
[Court]: I'm going to let you.
[Appellant]: Thank you, Your Honor.
[Prosecutor]:... . I think it's necessary and incumbent upon us to have a [Faretta] type hearing to inquire into [appellant's] educational background, his previous experience with the court system and his understanding of the charges and the procedure.
[Court]: From the pleadings he's filed, it's my belief that he does a fair job and he's had some experience with the courts, so I'm inclined to believe he's fully capable of representing himself. .. .
... .
[Court]: There's at least four attorneys that I've appointed to represent him, none of which have pleased him. So I'm going to let [appellant] represent himself. Do you have any qualms at all as to whether or not you're able to represent yourself?
[Appellant]: No, Your Honor. I'm a layman, I'll admit, but I know what needs to be done.
[Court]: Have you ever represented yourself before?
[Appellant]: Yes, Your Honor, in federal courts, state courts. I've been through this ordeal before, yes.
[Court]: Okay. He's going to represent himself.
The trial court then continued the trial to the next trial week, which was approximately five weeks off.
On the next scheduled trial date, appellant participated in the selection of a prospective jury, and the trial was then set for the following day. The next morning, a problem regarding one of appellant's witnesses was discussed. After a fairly lengthy discussion, the trial court, on its own motion, continued the trial for another thirty days and reappointed the attorney who had last represented appellant. When appellant responded that he had no objection to having counsel appointed, but that he would not accept that particular attorney, *1186 the trial court reversed itself and told appellant that appellant could continue to represent himself. The prosecutor again expressed concern that appellant was not competent to represent himself; and again requested that the trial court conduct a "Faretta hearing," and make required findings regarding appellant's ability to represent himself. Once again, the trial court failed to do so.
On the next scheduled trial date, appellant proceeded to trial before a jury, representing himself. After deliberating approximately twenty-five minutes, the jury returned a guilty verdict. Appellant was eventually sentenced as an habitual violent felony offender to the maximum term, ten years in prison.
In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that the Sixth and Fourteenth Amendments to the United States Constitution afford a defendant in a state criminal trial the right to represent oneself, provided that he or she knowingly and intelligently elects to do so. However, one who elects self-representation thereby "relinquishes ... many of the traditional benefits associated with the right to counsel." 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581. Accordingly, he or she must "be made aware of the dangers and disadvantages of self-representation, so that the record will establish that `he [or she] knows what he [or she] is doing and his [or her] choice is made with eyes open.'" Id. Consistent with the holding in Faretta, Rule 3.111(d), Florida Rules of Criminal Procedure, contains the following requirements:
(2) A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into accused's comprehension of that offer and his capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the defendant is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.
In this case, despite the prosecutor's repeated requests that it do so, the trial court neither advised appellant of the overwhelming disadvantages of self-representation nor made any of the inquiries required to determine whether or not appellant's decision to represent himself was knowingly and intelligently reached. There is nothing in the record to suggest that the trial court had any information regarding appellant's mental condition, age, education or past history. Instead, the trial court based its decision on appellant's assertion that he had represented himself before; and on its evaluation of various pleadings which appellant had filed. However, the trial court failed to inquire of appellant regarding the extent of his previous self-representation or the nature of the cases in which he had allegedly represented himself (whether they were civil or criminal, for instance). Moreover, we do not believe that an evaluation of the pleadings filed by appellant (which show, at most, a general understanding of some rather fundamental legal concepts) is a sufficient substitute for the "thorough inquiry into an accused's capacity to intelligently and understandingly waive counsel" mandated by Faretta and Rule 3.111(d). Cooper v. State, 576 So.2d 1379, 1380 (Fla. 2d DCA 1991).
We recognize that the trial court's decision to allow appellant to represent himself was motivated in large part by understandable frustration, as well as by a heavy caseload. However, in very similar circumstances convictions have been reversed because the requirements of Faretta and Rule 3.111(d) were not met. See e.g., Drago v. State, 415 So.2d 874 (Fla. 2d DCA 1982); Mitchell v. State, 407 So.2d 1005 (Fla. 5th DCA 1981). We are constrained to do likewise. Accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED, with directions.
SHIVERS, WOLF and WEBSTER, JJ., concur.