DANAHY, Judge.
The appellant challenges his conviction for felony petit theft and his habitual felony offender sentence. The first issue raised by the appellant requires that we reverse and remand for a new trial.
After the appellant was charged by information with the instant offense in August of 1990, the state filed a notice of intent to have the appellant treated as a habitual felony offender. The public defender was appointed to represent the appellant. Thereafter the public defender filed a motion to withdraw and a hearing was scheduled on that motion. At the hearing, the public defender explained that the motion to withdraw was filed at the request of the appellant. Following a discussion between the appellant and the trial court, the trial court advised the appellant that his only options were to continue to be represented by the public defender or to represent himself. The appellant chose to represent himself and did so at a jury trial. The jury convicted the appellant of theft.
Following the jury trial, the trial court found the appellant had met the statutory criteria for felony petit theft and that he qualified as a habitual felony offender. The trial court thereupon adjudicated the appellant guilty of felony petit theft and sentenced him to ten years’ imprisonment as a habitual felony offender.
*1252 The appellant asserts that the trial court erred in failing to conduct a proper hearing before allowing the appellant to represent himself in a jury trial. We agree. In Hayes v. State, 566 So.2d 340 (Fla. 2d DCA 1990), this court explained that a defendant may waive his right to counsel but the trial court must insure that the defendant is literate, competent, and understanding, and that his choice is informed and voluntary. Thus the trial court must inquire of the defendant’s mental condition, age, education, experience, and must consider the nature or complexity of the case and other factors. The trial court must advise the defendant of the benefits and disadvantages of self-representation. In this case the trial court made virtually no inquiry at all before allowing the appellant to represent himself.
The state points out that the trial court never did actually grant the public defender’s motion to withdraw and that the public defender was present during the trial as “standby counsel.” These matters are not sufficient to overcome the trial court’s failure to conduct the inquiry mandated by Hayes and the authorities upon which that decision relied. Where there is an insufficient inquiry into the waiver of counsel, the fact that the defendant had standby counsel does not overcome the error. Burns v. State, 573 So.2d 1047 (Fla. 4th DCA 1991).
Because the appellant’s first issue requires that we reverse and remand for a new trial, we need not address the appellant’s three other issues, which concern the trial and the sentence imposed.
Reversed and remanded for a new trial.
SCHOONOVER, C.J., and PATTERSON, J., concur.