FARMER, Judge.
In understandable frustration with the defendant’s refusal to accept the services of his third appointed counsel to represent defendant at his first-degree murder trial, the trial judge refused a new appointment of counsel and also refused an eleventh-hour continuance of the already much delayed trial, thereby requiring defendant to represent himself with only a “stand-by” lawyer to advise him. Unfortunately, and despite the prosecution’s suggestion to do so, the judge failed to conduct a Faretta hearing. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We reverse.
Our cases make apparent the danger of foregoing a Faretta inquiry. In Crutchfield v. State, 454 So.2d 1074 (Fla. 4th DCA 1984), we expressed “extreme sympathy” with the judge’s response to a defendant’s repeated refusals to accept three appointed lawyers. Nevertheless, we reversed on account of the failure to make the appropriate inquiry, saying that we did so “with a great degree of reluctance.” 454 So.2d at 1076. Similarly, in DiBartolomeo v. State, 450 So.2d 925 (Fla. 4th DCA 1984), we also reversed a trial judge’s decision to compel a defendant to proceed on his own behalf because of the lack of Faretta findings.
To the same effect are Jones v. State, 584 So.2d 120 (Fla. 4th DCA 1991); Burns v. State, 573 So.2d 1047 (Fla. 4th DCA 1991); Bentley v. State, 415 So.2d 849 (Fla. 4th DCA 1982). The inquiry rule extends even to denials of the right of self-representation. Kleinfeld v. State, 568 So.2d 937 (Fla. 4th DCA 1990), rev. denied, 581 So.2d 167 (Fla.1991), appeal after remand, 587 So.2d 592 (Fla. 4th DCA 1991).
The trial judge’s frustrations were not diminished by the fact that this defendant appeared to him to be manipulating the system. He “fired” three of his appointed lawyers. At one time, he sued the discharged lawyer and filed a grievance with the Florida Bar against the lawyer. When the state objected to this and the resulting appointment of a new lawyer, as well as the resulting continuance of the trial, the judge asked the prosecutor (somewhat plaintively) what he might otherwise do and not face certain reversal. To this question the prosecutor responded:
I don’t know, Judge. Maybe it needs to be tested. Until it’s tested, what is preventing these guys from coming in and filing Bar complaints and civil suits and delaying these things indefinitely?
Perhaps this is the case to test the wisdom of requiring as a per se rule that a conviction be reversed wherever the court *634 fails to conduct a Faretta inquiry. After all, Faretta really answers a slightly different question, viz., whether the state can force a lawyer on a defendant who knowingly and intelligently decides to represent himself. Here, the question apparently implicated by the facts is instead whether a Faretta -type inquiry is really required where the defendant deliberately uses his right to counsel to frustrate and delay the trial.
Bound as we are to do, however, we reverse the conviction. We certify the above question to the Florida Supreme Court as a question of great public importance.
REVERSED.
POLEN and GARRETT, JJ., concur.