605 So.2d 958 (1992)
Charles TAYLOR, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 91-04015.
District Court of Appeal of Florida, Second District.
September 30, 1992.
Rehearing Denied October 26, 1992.
James Marion Moorman, Public Defender, and Timothy A. Hickey, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
*959 PATTERSON, Judge.
Taylor appeals from his judgment and sentence for aggravated battery with a firearm. He correctly contends that the trial judge erred in failing to conduct the necessary inquiries prior to accepting his purported waiver of his Sixth Amendment right to counsel.
On September 26, 1991, Taylor was tried before a jury on charges of aggravated battery with a firearm. The jury was unable to reach a verdict and the trial judge declared a mistrial. On September 30, 1991, the office of the public defender moved to withdraw as Taylor's counsel, asserting that Taylor was dissatisfied with certain aspects of his representation. During the hearing on the motion on October 2, 1991, the trial judge requested the public defender to summarize the motion and then granted the motion without making any inquiry of the public defender or of Taylor. The judge then announced to Taylor:
When it comes time for your trial you're going, you're going to do it yourself. You obviously think you are competent to do it. You got rid of the only lawyer you had, so if you don't hire one, after you've given up your state appointed one, you can get one of your own, but I'm not continuing your case. He's either going to fish or cut bait on that day and so are you.
Notwithstanding Taylor's protests that he could not hire a lawyer and simply was dissatisfied with the particular public defender assigned to his case, the judge concluded the hearing by saying: "You already cut your own throat on that business." On October 15, 1991, Taylor was retried without counsel and convicted.
The trial judge committed reversible error by failing to conduct a proper Nelson inquiry. See Hardwick v. State, 521 So.2d 1071, 1074 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988); Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973). The trial judge did not determine whether counsel was effectively representing Taylor and did not advise Taylor that no substitute counsel would be appointed if the public defender withdrew.
The trial judge also committed reversible error by failing to inquire whether Taylor's purported waiver of counsel was knowing and intelligent. See Nelson v. State, 601 So.2d 1251 (Fla. 2d DCA 1992); Hayes v. State, 566 So.2d 340, 342 (Fla. 2d DCA 1990); Fla.R.Crim.P. 3.111(d). Under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the trial court must inquire of the defendant's age, mental condition, education, and lack of knowledge and experience in criminal proceedings. Further, the judge failed to warn Taylor of: the complexity of a jury trial, the dangers of self-representation, and the mandatory minimum sentence. See Cooper v. State, 576 So.2d 1379 (Fla. 2d DCA 1991); Smith v. State, 549 So.2d 1147 (Fla. 3d DCA 1989). On the day of trial, the judge did not renew an offer of assistance of counsel. See Fla.R.Crim.P. 3.111(d)(5).
Because the trial judge failed to conduct the necessary inquiries and required Taylor to proceed pro se, we reverse and remand for a new trial.[1]
LEHAN, C.J., and PARKER, J., concur.
NOTES
[1] We are disturbed that at the hearing on Taylor's motion for new trial, this experienced trial judge acknowledged that he had failed to make the required inquiries and findings and nonetheless declined to correct his own error.