626 So.2d 655 (1993)
STATE of Florida, Petitioner,
v.
Charles YOUNG, Respondent.
No. 80533.
Supreme Court of Florida.
October 28, 1993.
Robert A. Butterworth, Atty. Gen. and Joan Fowler, Senior Asst. Atty. Gen., Bureau Chief, West Palm Beach, for petitioner.
Peter Grable of Peter Grable, P.A., West Palm Beach, for respondent.
OVERTON, Judge.
The State petitions for review of Young v. State, 609 So.2d 633 (Fla. 4th DCA 1992), in which the Fourth District Court of Appeal reversed Young's conviction because the trial *656 judge required Young to represent himself without first conducting an inquiry as required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and Florida Rule of Criminal Procedure 3.111(d). The district court then certified the following as a question of great public importance:
WHETHER A FARETTA-TYPE INQUIRY IS REALLY REQUIRED WHERE THE DEFENDANT DELIBERATELY USES HIS RIGHT TO COUNSEL TO FRUSTRATE AND DELAY THE TRIAL.
Young, 609 So.2d at 634. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. While it is likely that Young was attempting to frustrate and delay his trial through an abuse of the right to assistance of counsel, we conclude that the certified question must be answered in the affirmative and, consequently, we approve the decision of the district court. In our previous decisions, we have consistently held that a trial judge is required to conduct a Faretta inquiry before allowing a defendant in a criminal trial to proceed without counsel. Because there was no discernible Faretta inquiry in this case, we find that the trial judge committed reversible error.
The facts in this case were succinctly stated in the opinion rendered by the district court:
In understandable frustration with the defendant's refusal to accept the services of his third appointed counsel to represent defendant at his first-degree murder trial, the trial judge refused a new appointment of counsel and also refused an eleventhhour continuance of the already much delayed trial, thereby requiring defendant to represent himself with only a "stand-by" lawyer to advise him. Unfortunately, and despite the prosecution's suggestion to do so, the judge failed to conduct a Faretta hearing.
Id. at 633.
Although Young argues that each of his requests for removal of his appointed counsel was warranted, for the purposes of this decision, we accept the State's characterization of Young's actions as being a deliberate abuse of the right to assistance of counsel.

The Law  Self-Representation by a Defendant
The United States Supreme Court has determined that a defendant in a state criminal trial has the constitutional right of self-representation and may forego the right of assistance of counsel. Faretta, 422 U.S. at 836, 95 S.Ct. at 2541. In so holding, the United States Supreme Court clearly stated that it is incumbent on the trial judge to examine the defendant to determine whether the waiver of this important right is made knowingly and intelligently before allowing the defendant to proceed without the assistance of counsel.
To implement the United States Supreme Court decision in Faretta, we adopted Rule of Criminal Procedure 3.111(d), which states, in pertinent part:
(2) A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused's comprehension of that offer and the accused's capacity to make an intelligent and understanding waiver.
(3) No waiver shall be accepted if it appears that the defendant is unable to make an intelligent and understanding choice because of a mental condition, age, education, experience, the nature or complexity of the case, or other factors.
In Jones v. State, 449 So.2d 253 (Fla.), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984), this Court affirmed the convictions of a criminal defendant who had represented himself at trial. In that case, we described the defendant as "obstreperous" and given to "contumacious behavior." Id. at 257-58. We determined that the defendant "burdened and delayed the court by his vacillation in not unequivocally choosing between court-appointed counsel, proceeding pro se, or obtaining his own counsel of choice." Id. at 258. While we found that the defendant's actions amounted to a waiver of his right to appointed counsel, we noted that the trial judge did conduct an appropriate Faretta-type inquiry. In that decision, we emphasized that a defendant who, without *657 good cause, refused appointed counsel is presumed to be exercising the right to self-representation and that the "trial court should forthwith proceed to a Faretta inquiry." Id. at 258 (emphasis added).
Similarly, in Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988), we recognized that
when one such as appellant attempts to dismiss his court-appointed counsel, it is presumed that he is exercising his right to self-representation. However, it nevertheless is incumbent upon the court to determine whether the accused is knowingly and intelligently waiving his right to court-appointed counsel, and the court commits reversible error if it fails to do so. This particularly is true where, as here, the accused indicates that his actual desire is to obtain different court-appointed counsel... .
Id. at 1074 (citations omitted) (first emphasis added). Because the trial judge in Hardwick had conducted an appropriate inquiry, we found no error. Finally, in Amos v. State, 618 So.2d 157 (Fla. 1993), we explained that a Faretta inquiry is necessary even when the defendant is very familiar with the criminal justice system. See also Taylor v. State, 610 So.2d 576 (Fla. 1st DCA 1993) (surveying similar Florida cases); Burton v. State, 596 So.2d 1184 (Fla. 1st DCA 1992).

The Instant Case
At trial, the State acknowledged the importance of a Faretta inquiry when the prosecutor attempted to have the trial judge conduct such an inquiry. However, the State is now placed in the position of arguing that a Faretta inquiry was not required in these circumstances because this defendant abused the right to assistance of counsel by conduct which unreasonably delayed his trial. The State essentially contends that the trial judge need not have expressly determined that Young made a knowing and intelligent waiver of the right to assistance of counsel because these factors can be inferred from Young's abuse of his right to counsel. The State then suggests that, assuming an inquiry was required under these circumstances, a Faretta-type inquiry can be discerned if we would only piece together the various colloquies between the defendant and the trial court. Finally, the State asserts that any error on the part of the trial judge in omitting a Faretta inquiry is harmless, contending that there was no alternative to Young's self-representation because Young refused to cooperate with any of his attorneys.
We reject these arguments. While a trial judge may presume that an abuse of the right to assistance of counsel can be interpreted as a request by a defendant to exercise the right of self-representation, a defendant may not be presumed to have waived the separate right to assistance of counsel absent a Faretta inquiry. Hardwick; Jones. This Court is mindful of the frustration of trial judges who are burdened with belligerent defendants who attempt to thwart the system any way they can. Our cases make clear that a trial judge is not compelled to allow a defendant to delay and continually frustrate his trial. As in Jones, the trial judge may presume that the defendant's actions constitute a request to proceed pro se and may then confirm the waiver of assistance of counsel through a Faretta inquiry. Furthermore, we must reject the assertion by the State that the record in this case establishes a sufficient Faretta inquiry. While Young's responses to the judge's questions, together with Young's apparent proclivity with producing his own pleadings, may suggest a competent defendant, they do not establish that Young had definitively waived his right to counsel. Finally, we find that the harmless error rule does not apply.
We conclude that the United States Supreme Court decision in Faretta and our rule 3.111(d) require a reversal when there is not a proper Faretta inquiry. Accordingly, for the reasons expressed, we answer the certified question in the affirmative, approve the decision of the district court, and remand this case for further proceedings consistent with this decision.
It is so ordered.
*658 BARKETT, C.J., and McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.