629 So.2d 1050 (1993)
Robert Louis JOHNSON, a/k/a Robert Lee Johnson, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02091.
District Court of Appeal of Florida, Second District.
December 29, 1993.
James Marion Moorman, Public Defender, and Timothy A. Hickey, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The appellant, Robert Louis Johnson, contends that the trial court erred when it failed to conduct adequate inquiries into his reasons for wanting to discharge his public defender, and whether his waiver of his right to counsel was intelligent and understanding. We agree that the trial court's inquiries were insufficient and reverse.
*1051 The appellant faced charges of three counts of burglary of a dwelling, two counts of grand theft, and a count of criminal mischief in three different cases. At pretrial hearings on May 22 and 23, 1990, the appellant informed the trial court that he was dissatisfied with his assistant public defender and that he wished to fire her citing to the court only that she was not in "the best of his interest." The court did not inquire further as to what was meant by this statement but proceeded to tell the appellant that to represent himself would be very difficult and that the court did not advise it. The court made no inquiry concerning whether there were reasonable grounds to dismiss the appellant's assistant public defender but merely outlined the penalties the appellant would face upon conviction, including possible enhancement under the habitual offender statute, section 775.084, Fla. Stat. (1989). At the conclusion of the hearing the court allowed the appellant to discharge his counsel and proceed pro se.
Later, on the date of the scheduled trial, June 18, 1990, the appellant appeared before a different judge, still without counsel. The trial court at this critical stage failed to renew the offer of counsel, and, furthermore, did not again inquire to determine whether the appellant's waiver of his right to counsel was an intelligent and understanding one as required by Florida Rule of Criminal Procedure 3.111(d). Suffice it here to say that the appellant was subsequently adjudicated guilty of all the charges and sentenced.
Our analysis begins with the events of May 22, 1990. When the appellant informed the court that he was dissatisfied with his assistant public defender and wanted to discharge her, it was incumbent upon the court to inquire of the appellant to determine if there were reasonable grounds to dismiss the assistant public defender. See Taylor v. State, 605 So.2d 958 (Fla. 2d DCA 1992), citing Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973); Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983). It was error to fail to do so. It was also error to allow the appellant to waive his right to counsel without also determining whether he was literate, competent and understanding of this choice, so that the court was assured that the appellant was voluntarily exercising his informed free will. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988); Muhammad v. State, 494 So.2d 969 (Fla. 1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987); Williams; Taylor; Fla.R.Crim.P. 3.111(d). These errors require us to reverse. Hayes v. State, 566 So.2d 340 (Fla. 2d DCA 1990) (reversed and remanded for new trial after more detailed inquiry than in instant case); Williams; Taylor; Smith v. State, 512 So.2d 291 (Fla. 1st DCA 1987).
We reverse the appellant's convictions and remand for further proceedings.
FRANK, C.J., and SCHOONOVER, J., concur.