632 So.2d 1084 (1994)
Tony Thomotto PALL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03577.
District Court of Appeal of Florida, Second District.
February 23, 1994.
James Marion Moorman, Public Defender, and Elizabeth S. Wheeler, Sp. Asst. Public Defender, Bartow, for appellant.
Tony Thomotto Pall, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Tony Thomotto Pall appeals his judgment and sentence. The appellant represented himself at trial where he was convicted as charged of a strong-armed robbery,[1] committed October 5, 1990. He was sentenced as a habitual offender to thirty years in prison with twenty-one years suspended and replaced by probation. We reverse on the ground that the appellant's waiver of counsel was invalid because the trial court failed to renew the offer of assistance of counsel at trial.
Judge Menendez conducted a Faretta[2] inquiry on January 17, 1991, because the appellant wanted to represent himself. After the inquiry, the judge asked the appellant to confer with an assistant public defender who was present in the courtroom before making his decision. The waiver proceedings resumed the next day, after the conference, when the appellant told the judge he had decided to represent himself and, at the judge's request, signed a written waiver of counsel.
The offer of counsel, however, was not renewed when trial began seven months later on August 19, 1991, either before voir dire conducted by Judge Menendez or before the evidentiary portion of the trial conducted by Judge Graybill on August 22, and 23, 1991. Although Judge Graybill asked the appellant the first day if he still wanted to represent himself, he did not renew the offer of assistance of counsel. The court must renew the offer of assistance of counsel at each subsequent stage of the proceedings at which the defendant appears without counsel. Fla.R.Crim.P. 3.111(d). These errors require us to reverse. See Johnson v. State, 629 So.2d 1050 (Fla. 2d DCA 1993); Hayes v. State, 566 So.2d 340 (Fla. 2d DCA 1990); Mullins v. State, 438 So.2d 908 (Fla. 2d DCA 1983).
*1085 Because the trial court failed to renew the offer of counsel at a critical stage of the proceedings, we reverse the judgment and remand for a new trial. We have considered the appellant's other issues on appeal and find them to be without merit.
Reversed.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] § 812.13(2)(c), Fla. Stat. (1989).
[2] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).