650 So.2d 1095 (1995)
Gerald JONES, Appellant,
v.
STATE of Florida, Appellee (Two Cases).
Nos. 92-04567, 93-02781.
District Court of Appeal of Florida, Second District.
February 22, 1995.
Wendy J. Friedberg of Aidif & Friedberg, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
LAZZARA, Judge.
Appellant challenges the judgments and sentences imposed after jury trials in *1096 two separate cases.[1] He argues that the trial court failed to comply with the requirements of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), before allowing him to represent himself.[2] We agree and reverse and remand for a new trial in each case. We affirm, however, the trial court's denial of a motion to suppress when appellant was represented by counsel.
A defendant's request to proceed pro se must be clear and unequivocal. Hardwick v. State, 521 So.2d 1071 (Fla. 1988). Once such a request is made, a trial court, consistent with Faretta, must inform a defendant of the disadvantages of self-representation. A failure to do so constitutes reversible error. Hayes v. State, 566 So.2d 340 (Fla. 2d DCA 1990); Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983). Additionally, assuming a proper Faretta inquiry, Florida Rule of Criminal Procedure 3.111(d) requires a trial court to "renew the offer of assistance of counsel at each subsequent stage of the proceedings at which the defendant appears without counsel." Pall v. State, 632 So.2d 1084 (Fla. 2d DCA 1994).
In neither case does the record reflect that the appellant clearly and unequivocally expressed a desire to represent himself. Nor does the record in each case reflect that the trial court properly informed the appellant of the disadvantages of self-representation. Finally, the record in each case is clear that the trial court failed to renew the offer of assistance of counsel prior to voir dire and the evidentiary portion of the trial.
Our supreme court has recently held that the harmless error rule does not apply when a trial court fails to conduct a proper Faretta inquiry. State v. Young, 626 So.2d 655 (Fla. 1993). The court concluded, in that regard, "that the United States Supreme Court decision in Faretta, and our own rule 3.111(d) require a reversal when there is not a proper Faretta inquiry." 626 So.2d at 657. Accordingly, we are compelled to reverse the appellant's judgment and sentences in both cases and remand for new trials.
In light of the supreme court's recent pronouncement in Young, we emphasize that it is imperative that trial courts strictly adhere to the requirements of Faretta and rule 3.111(d) when faced with a defendant's apparent request for self-representation, especially when different judges are involved in the pre-trial and trial proceedings. See Pall v. State, 632 So.2d 1084. We recognize that compliance with these requirements often involves a tedious, time-consuming, and sometimes frustrating process. Based on Young, however, an appellate court faced with a record of non-compliance has no alternative but to reverse and remand for a new trial, as in these cases, no matter how overwhelming the evidence of guilt may be, at great expense to judicial economy and resources.
Suppression order affirmed, but reversed and remanded for new trials.
PATTERSON, A.C.J., and BLUE, J., concur.
NOTES
[1] We consolidated the cases for purposes of this opinion because they raised identical issues.
[2] Appellant's counsel initially filed briefs in both cases pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging no meritorious grounds in support of reversal. In accordance with State v. Causey, 503 So.2d 321 (Fla. 1987), however, we directed the parties to submit supplemental briefs addressing the Faretta issue.