PER CURIAM.
We affirm the defendant’s conviction of possession and sale of cocaine against his claim that he was denied the right to represent himself under Faretta v. Califor *1192 nia, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We concede that a full Faretta inquiry was never made to this defendant, however, we have assiduously examined this record and find from first to last the defendant never made an unequivocal request to do other than act as co-counsel with his court-appointed attorney. Consequently, a Faretta hearing was never triggered.[1] Although not Faretta inquiries, the trial court repeatedly explained to the defendant his basic rights and his opportunity to represent himself and, in the event of such request, that his court-appointed attorney be discharged or act as standby counsel in which event the defendant might represent himself. No such request was ever presented. In fact, upon being asked directly whether he wanted to discharge his attorney and represent himself, the defendant responded that he did not want to discharge his appointed attorney. When the record is read as a whole and not as statements taken completely out of context, there is simply no basis for the claim that the defendant wanted to act other than as co-counsel. Additionally, the judge properly did not permit the defendant to proceed as co-counsel because the defendant insisted upon proceeding in a manner that would have violated the precepts governing the attorney-client relationship.
Because the defendant’s Faretta claim is the linchpin to all of his remaining arguments, and because we find no error in the trial court’s handling and management of this obstreperous defendant, the defendant’s remaining claims fail.
Affirmed.

. State v. Young, 626 So.2d 655 (Fla.1993) is not applicable to the facts in the instant case, as Young involved attempts by a defendant to repeatedly refuse the services of a chain of court-appointed counsel. The court interpreted those attempts as a request by the defendant to exercise his right to self-representation. The lower court proceeded without an appropriate Faretta inquiry, and for that reason required reversal. In this case, however, the record shows that it was the appointed counsels, not the defendant, who petitioned to withdraw from the case. In fact, in context of defense counsels’ petition to withdraw, the defendant proclaimed that "there is not a conflict,” and "I don’t want you to discharge him.”