PER CURIAM.
Moses Toussaint challenges his conviction for armed robbery, arguing that the trial court erred in allowing appellant to represent himself at trial without conducting an adequate Faretta[1] inquiry into his waiver of counsel. Under Faretta and its progeny, the trial court is required to make an inquiry on the record which should include evidence of the defendant’s age, mental status, education, and experience; the dangers and disadvantages of self-representation, including the nature and complexity of the case, the seriousness of the charges, the potential sentence and any enhancement; and any other factor particularly relevant to the case presented. Burton v. State, 596 So.2d 1184, 1186 (Fla. 1st DCA 1992); Rule 8.111(d), Fla.R.Crim.P.; see also, Jones v. State, 658 So.2d 122, 128 (Fla. 2d DCA 1995) (J. Alten-bernd, concurring). Because the trial court here failed to adequately inquire on the record concerning Toussaint’s mental condition, age, education, past history, or ability prior to letting him represent himself at trial, in accordance with Burton we are constrained to reverse and remand for a new trial.
MINER, WOLF and VAN NORTWTCK, JJ., concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).