PER CURIAM.
When appellant appeared and was proceeding without an attorney at his probation revocation hearing, the trial court stated that:
*469 Alright, now Mr. Perry I’ll advise you again that you appear to be proceeding without counsel. And we’ve gone over this now and any number of times in connection with the probation and also in connection with the two other cases where you did represent yourself and you ended up resolving ‘em with, uh, negotiated pleas as I recollect.
MR. PERRY: Yes, Your Honor, that’s correct.
THE COURT: Uh, now are you satisfied to continue representing yourself?
MR. PERRY: Yes, Your Honor.
THE COURT: You understand that if you can’t afford a lawyer and you want one, I’ll appoint a lawyer?
MR. PERRY: Yes, Your Honor.
THE COURT: Do you want me to do that?
MR. PERRY: No, Your Honor, I’m comfortable at the time.
THE COURT: Alright, well you’ve been doing alright so far. I don’t know whether — how much — how long down the road you’ll be on though.
MR. PERRY: I understand Your Honor.
Appellant contends that the trial court did not conduct an adequate Faretta hearing[1] in that it did not inform him of any of the dangers of self-representation.
The state concedes that the inquiry was not adequate and we agree. While it is apparent from the colloquy that the trial court had addressed self-representation in prior cases with appellant, it is clear that the record in each case must show that an adequate Faretta hearing has been held. Reference to a prior pleading or a prior case where counsel has been waived is insufficient. See Burton v. State, 596 So.2d 1184, 1186 (Fla. 1st DCA 1992).
Reversed and remanded for a new trial.
WARNER, POLEN and SHAHOOD, JJ., concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).