CAMPBELL, Acting Chief Judge.
Appellant challenges the order revoking his probation. We reverse because the court failed to sufficiently apprise appellant of the dangers and disadvantages of self-representation. Such a failure is reversible error and is not subject to the harmless error rule. See Jones v. State, 650 So.2d 1095 (Fla. 2d DCA 1995). See also Vera v. State, 689 So.2d 389 (Fla. 2d DCA 1997).
The transcript of the revocation hearing reveals that the court merely advised appellant of his right to an attorney. He never established that appellant was knowingly and voluntarily waiving his right to counsel. The issue of appellant’s right to counsel became intricately intertwined with the issue of appellant’s willingness to accept or reject the State’s plea offer.
It is also clear from appellant’s subsequent letter to the court that, before he agreed to the State’s offer, he did not understand the meaning of community control. He thought it meant community service. Counsel could have advised him correctly.
Reversed and remanded for further proceedings.
THREADGILL and STRINGER, JJ., Concur.