787 So.2d 902 (2001)
William SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-104.
District Court of Appeal of Florida, Second District.
May 4, 2001.
*903 James Marion Moorman, Public Defender, Bartow, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
William Smith challenges his conviction for grand theft in the third degree. While we find no merit in three of Smith's four issues, we reverse due to the trial court's failure to renew the offer of assistance of counsel to Smith at critical stages of the proceedings.
The record reveals that on June 25, 1999, Smith appeared for arraignment. The trial court asked Smith if he intended to retain counsel, and Smith replied that he did not. A public defender who was present told the court that he had spoken with Smith, who had said that he was financially unable to hire a lawyer, but planned to do so later. When the court asked Smith if he wanted a continuance to obtain counsel, he responded:
Today I would prefer to handle it myself, Judge. Now, in time I don't know if that will change. That's the only honest answer I can give you. As of today I feel confident I know how to tell the truth, and I feel that's all the Court wants to hear. So I feel like I could....
During that hearing, Smith revealed that he had a college degree in business and had previously represented himself successfully on a DUI charge in a jury trial. Smith explained that he chose to represent himself in the instant matter because his attorney was ill. The trial judge advised Smith that he had to go through a lengthy inquiry with him, but did not have the paperwork to do so right then. Accordingly, the court suggested that Smith delay the arraignment for one month. During that time, Smith could decide whether he wanted to hire a lawyer. If he chose not to, the court would set a trial date. The court concluded the hearing by advising Smith that it was not wise to represent oneself in a felony criminal matter.
At the scheduled hearing one month later, Smith announced that, despite the trial court's warnings, he still wished to represent himself. The court then conducted a full Faretta hearing, which included an offer of assistance of counsel that Smith declined. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). At the conclusion of that hearing, the court asked Smith if he "without equivocation... wish[ed] to represent [himself]," and Smith replied that he did. The court then asked Smith if he had any doubts, and Smith replied, "None whatsoever." The court allowed Smith to represent himself and asked for his plea.
At the September 28 pretrial conference, the court asked Smith if he still wished to represent himself, and Smith replied that he did. However, the court did not renew the offer of assistance of counsel. The court set Smith's motion to dismiss for hearing on October 4.
At the October 4 hearing, the court again failed to renew the offer of assistance *904 of counsel. After denying Smith's motion to dismiss, the court took a recess, following which it proceeded to jury selection. Again, the court failed to renew the offer of assistance of counsel. Trial began the next day. At no time afterwards did the court renew the offer of assistance of counsel. A public defender represented Smith at sentencing.
Florida Rule of Criminal Procedure 3.111(d)(5) requires the trial court to renew the offer of assistance of counsel at each subsequent stage of the proceedings where the defendant appears without counsel. Pall v. State, 632 So.2d 1084 (Fla. 2d DCA 1994). Failure to do so is error. Id. at 1084. While this error may be harmless in some cases, it is not harmless here because: (1) there were intervening hearings between the court's initial offer of counsel and the trial, thus eliminating the possibility that the initial offer extended to the trial (McCarthy v. State, 731 So.2d 778 (Fla. 4th DCA 1999); Sproule v. State, 719 So.2d 349 (Fla. 4th DCA 1998)); (2) the court did not appoint standby counsel, which could have reminded Smith of the need for and availability of counsel (see Knight v. State, 770 So.2d 663 (Fla.2000); McCarthy v. State, 731 So.2d 778; Mincey v. State, 684 So.2d 236 (Fla. 1st DCA 1996)); and (3) Smith had not rejected previously appointed counsel, so that a renewed offer of assistance would have been futile (See Langon v. State, No. 98-0215, ___ So.2d ___, 1999 WL 543198 (Fla. 4th DCA July 28, 1999)).
Because the error here cannot be said to be harmless, we must reverse and remand for a new trial.
ALTENBERND, A.C.J., and CASANUEVA, J., concur.