PER CURIAM.
The Florida Bar Appellate Rules Committee has submitted for our consideration proposed amendments to the Florida Rules of Appellate Procedure pursuant to Rule of Judicial Administration 2.130. Additional rule changes are necessary to implement new statutory provisions that permit the district courts of appeal to review certain questions certified by the county courts. The Miami Herald has, in a separate comment, requested that this Court amend Rule 9.310(b)(2) to eliminate the automatic stay for public records and public meeting cases, and the Supreme Court’s Article V Review Commission has recommended that, this Court broaden the authority of the district courts of appeal to sit en banc. The following is a brief explanation of the rule changes approved by this Court.
Rules 9.030(b)(4), 9.160, and 9.165 have been added to provide for the discretionary jurisdiction of the district courts of appeal to hear questions certified by the county courts. The rule implements the legislative enactment of chapter 84-303, sections 3 and 4, Laws of Florida, which provide for district court review of certified orders or judgments from county courts.
Rule 9.110 has been amended by the addition of section (k) which remedies the problem of determining when to appeal a partial final judgment. The change is intended to implement the criteria set forth by this Court in Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla. 1974). The amended rule provides that a partial final judgment may be appealed immediately or after the final judgment is entered, except the rule requires an immediate appeal when the partial final judgment disposes of the entire case as to any party.
Rule 9.130(a)(3)(C)(v) is a new provision which has been added to permit the interlocutory review of non-final orders that determine whether a party is entitled to arbitration.
Rule 9.140 has been amended by the addition of a new subsection (b)(4), which sets forth special procedures for appeals by defendants in capital cases. The new provision adopts the procedures set forth by this Court in an administrative order dated May 6, 1981.
Rule 9.210 has been amended to provide for the inclusion of an argument summary in initial briefs and to require that copies of the supplemental authorities be attached to notices of supplemental authority.
Rule 9.310(b)(1) concerns posting of su-persedeas bonds in cases awarding money judgments. It has been amended to require a bond equal to the principal amount of the judgment plus twice the statutory rate of interest on the total amount upon which the party has an obligation to pay interest, and to allow multiple parties having common liability to file a single bond.
Rule 9.310(b)(2) has been modified to create an additional exception to the automatic stay provision for public bodies and public officers. The Miami Herald filed a comment to the proposed rules and suggested that we eliminate from the rule the auto *1115 matic stay granted public bodies and public officers when they file appeals in cases dealing with public records and public meetings. The Herald asserted that the legislature expressed public policy in section 119.11(2), Florida Statutes (1979), by providing for only a limited automatic stay. That provision states:
(2) Whenever a court orders an agency to open its records for inspection in accordance with this chapter, the agency shall comply with such order within 48 hours, unless otherwise provided by the court issuing such order, or unless the appellate court issues a stay order within such 48-hour period. The filing of a notice of appeal shall not operate as an automatic stay.
(Emphasis added.) In Wait v. Florida Power & Light Co., 372 So.2d 420 (Fla. 1979), we held that the above provision unconstitutionally invaded the rule-making power of this Court. The Herald now asks that we include a substantially similar provision in Rule 9.310(b)(2). We conclude that we should implement the public policy evidenced by section 119.11(2), Florida Statutes (1979), and have modified the rule to provide for a 48-hour automatic stay in public meeting and public record cases. Any additional stay may, as in other cases, be entered by either the trial court or the appellate court.
Rule 9.320 has been amended to provide that a request for oral argument must be served by a party not later than the time the last brief of that party is due. The amended rule also sets out the time that will be allowed for oral arguments in both non-capital and capital cases.
Rule 9.331 has been amended to allow en banc proceedings in the district courts of appeal for cases that are of exceptional importance. This amendment is consistent with recommendation 11 of the Supreme Court’s Article V Review Commission. This change broadens the authority of the district courts of appeal to sit en bane and makes that authority consistent with other jurisdictions that provide for en banc proceedings.
Rule 9.340 has been amended to reinstate section (c), which was deleted in 1977, and directs that when a judgment of reversal is entered that requires the entry of a money judgment on a verdict, the mandate shall be deemed to require such money judgment to be entered as of the date of the verdict.
Rule 9.520, which concerns the Judicial Qualifications Commission, has been deleted and is relocated to Rule of Judicial Administration 2.140.
Rule 9.800 has been amended to set forth appropriate citation forms for recent Supreme Court and district court of appeal decisions that are not available in Southern Reporter. The rule provides for the proper temporary citation to either Florida Law Weekly or the court slip opinion. Courts are expected to continue citing to slip opinions. When a Southern Reporter citation becomes available, it must be used.
Rule 9.900 has been amended by the addition of section (h) which provides a form for a civil supersedeas bond.
Appended to this opinion are the amended and new rules of the Florida Rules of Appellate Procedure. Deletions are indicated by the use of struck-through type. New language is indicated by underscoring. All rules and statutes in conflict with the following rules are hereby superseded as of the effective date of these rules. The committee notes are not adopted by the Court. Rules 9.030(b)(4), 9.160, and 9.165 shall become effective October 1, 1984, at 12:01 a.m., in order to conform to the legislative enactment of chapter 84-303, sections 3 and 4, Laws of Florida. The remainder of the rules shall become effective January 1, 1985, at 12:01 a.m.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, MCDONALD, EHRLICH and SHAW, JJ., concur.