466 So.2d 257 (1985)
Glenn R. DUFFY and Donna E. Duffy, Appellants,
v.
REALTY GROWTH INVESTORS, etc., et al., Appellees.
No. 84-1736.
District Court of Appeal of Florida, Fifth District.
February 7, 1985.
*258 Eli H. Subin of Subin, Shams, Rosenbluth & Moran, P.A., Orlando, for appellees.
James M. Spoonhour and Nancy C. Jacobson of Lowndes, Drosdick, Doster & Kantor, P.A., Orlando, for appellants.

ON MOTION TO DISMISS
DAUKSCH, Judge.
This is an appeal from an order dismissing with prejudice two counts of an eight count counterclaim and cross-claim. Appellees moved to dismiss the appeal on the ground that the order appealed is not a final, appealable order nor a non-final order appealable pursuant to Florida Rule of Appellate Procedure 9.130. We agree and dismiss the appeal upon a holding that the order appealed is not an order finally disposing of claims which are not interdependent with other pleaded claims still pending in the trial court.
Appellants' eight count third amended counterclaim and cross-claim is based on the following theories of relief: breach of contract, account stated, tortious interference with an advantageous business relationship, slander, intentional infliction of emotional distress, loss of consortium, and conversion. Each of the counts in the third amended counterclaim and cross-claim arise from appellees' termination of an alleged contractual relationship they had with appellants, and events and conduct associated with the termination. The trial court granted with prejudice appellees' motion to dismiss the count alleging intentional infliction of emotional distress and the derivative claim for loss of consortium.
Piecemeal appeals are not permitted where claims are interrelated, involve the same essential circumstances, and the same parties remain in the suit. S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla. 1974). The rule contemplates an exception; if a cause of action is pleaded which is not legally or factually interrelated with other pleaded claims, that distinct claim is immediately appealable if the trial court dismisses it with finality.[1]Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974).
In the instant case, the claims for intentional infliction of emotional distress and loss of consortium are factually interrelated with the remaining counts of the counterclaim and cross-claim still pending in the lower court. The same facts and circumstances are involved in proving the emotional distress and loss of consortium counts as are involved in proving the other six claims for relief. The existence of an additional outrageous act which must be proved to support the claim for emotional distress does not make any less true the fact that all the pleaded claims arise from the same set of circumstances and that facts which support that claim are interdependent with facts supporting claims which the order of dismissal left undisturbed. Appellants implicitly recognize that the same facts are pertinent to each count in the counterclaim and cross-claim by incorporating all prior allegations into every count of the pleading.
In dismissing this appeal, we point out that the issues appellants raise are reviewable upon plenary appeal from the final judgment.
DISMISSED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.
NOTES
[1] Fla.R.App.P. 9.110(k) allows review of a partial final order either immediately or upon appeal from the final judgment disposing of the entire case. If a partial final order totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition. The Florida Bar Re: Rules of Appellate Procedure, 463 So.2d 1114 (Fla. 1984).