W. SHARP, Judge.
Appellants/sellers (former owners of a Ford dealership in Bunnell) appeal from a final summary judgment which denied them any recovery in a breach of contract suit against appellees/buyers (members of an accounting firm) and which awarded costs to the buyers. Because we find we lack jurisdiction due to the procedural posture of the case, we dismiss without reaching the merits.
The parties entered into a contract to sell the dealership on July 20, 1985. The contract was subject to Ford Motor Company’s approval of the buyers as a Ford franchisee within 45 days. The contract also provided for certain time extensions in the event the buyers’ committed financing failed and new financing had to be obtained. The buyers paid sellers a deposit of $25,000. Under the agreement, if the buyers were unable to close after the contractual extensions to obtain financing had expired, $15,000 of the deposit would be forfeited by the buyers.
Ford did not approve the buyers within 45 days and the parties agreed to extensions that delayed the closing deadline to October 30, 1985. Ford finally approved the buyers as franchisees on October 22, 1985 but before the closing took place the buyers’ initial financier withdrew. The buyers negotiated another extension of the closing date, agreeing to increase the “deposit” by $85,000 “to be a total of $100,-000”, which was immediately to be released to seller and deducted from disbursements to seller at closing. Buyers thought they had obtained a letter of credit from another lender to handle the financing but between November 14 and 19, 1985, that financing collapsed. The sellers eventually sold the dealership to another party.
This suit began when the sellers sued the buyers for money damages for breach of contract. The buyers counterclaimed for the deposits paid under the contract. *575 Based on the contract terms, the trial court ruled that the buyers were never under a duty to close on any set date, because they did not then have their necessary financing. Therefore, they were never in breach of the contract and never were under a duty to close. However, the court made no ruling or disposition concerning the right vel non of the buyers to obtain a return of some or all of their deposits made on the contract.
The question of whether the buyers should have some or all of their deposits returned to them by the sellers is necessarily involved in the resolution of the breach of contract suit. The pending and unresolved counterclaim here prevents this court from having jurisdiction to review the contract breach issue. Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla.1974). “Piecemeal appeals should not be permitted where the claims are interrelated and their substance involves the same transaction.” [1]
DISMISSED.
PETERSON and GRIFFIN, JJ., concur.

. Seminole County v. Mertz, 415 So.2d 1286, 1291 (Fla. 5th DCA 1982). See also Duffy v. Realty Growth Investors, 466 So.2d 257 (Fla. 5th DCA 1985). The issue is jurisdictional. Cler-mont Builders Supply, Inc. v. General Construction & Design, Inc., 423 So.2d 518 (Fla. 5th DCA 1982).