587 So.2d 592 (1991)
STATE of Florida, Appellant,
v.
Morris KLEINFELD, Appellee.
No. 91-1437.
District Court of Appeal of Florida, Fourth District.
October 9, 1991.
Rehearing Denied October 23, 1991.
Rehearing and Certification Denied; Cross Certification Denied December 9, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellant.
John F. Tierney, III and Carey Haughwout of Tierney & Haughwout, West Palm Beach, for appellee.
LETTS, Judge.
The defendant was convicted of the first degree murder of his wife's divorce lawyer. *593 On appeal, we reversed and sent this cause back for retrial. Kleinfeld v. State, 568 So.2d 937 (Fla. 4th DCA 1990), rev. denied, 581 So.2d 167 (Fla. 1991).[1] Preparatory to commencement of the retrial, the trial court granted several motions in limine. From these orders, the state filed this non-final appeal. The sole motion in limine meriting discussion excluded the testimony of three important witnesses from the first trial who were dead by the time of the retrial. We reverse.
As to the state's right to a non-final appeal on this issue, we hold that the testimony of the deceased witnesses included admissions made by the defendant. Our supreme court has squarely upheld the state's right to non-final review of orders suppressing admissions. State v. Brea, 530 So.2d 924 (Fla. 1988); State v. Palmore, 495 So.2d 1170 (Fla. 1986). See also State v. Segura, 378 So.2d 1240 (Fla. 2d DCA 1979), which held that the motion in limine in that case was, in effect, a motion to suppress subject to review under Florida Rules of Appellate Procedure 9.140(c)(1)(B).
Having concluded that we have jurisdiction, the question is whether the trial judge committed error when he prohibited the former testimony of the deceased witnesses to be used at the retrial because the defendant was denied his right to self representation at the initial trial. Unfortunately, we have not been cited to any decisions directly on point. However, there are several United States Supreme Court cases suggesting that there are exceptions to the defendant's rights under the confrontation clause.
Where a witness is unavailable to testify at a subsequent hearing, prior testimony is admissible. To overcome the obstacles of the Sixth Amendment challenge, the prior statement must contain adequate "indicia of reliability." It is necessary that the proponent of the evidence show that the testimony was given under circumstances that "indicate that its content is probably true." The starting point for the foregoing reasoning is Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972). In that case, a defendant was being retried because he was denied effective assistance of counsel. The eyewitness to the case had moved to Sweden. The defendant argued that the eyewitness' testimony at the previous trial was inadmissible because he was denied his right to cross-examine the eyewitness. The court held that where a witness is bona fide unavailable, the requirements of the confrontation clause are met when the prior recorded testimony bears "indicia of reliability" that would afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement.
The Supreme Court, in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), explained the matter further. In that case, a witness was unavailable for the trial. However, the witness appeared at a preliminary hearing and was cross-examined. The court held that when a hearsay declarant is not present for cross-examination, the confrontation clause requires a showing of unavailability. Even then, his statement is admissible only if it contains adequate "indicia of reliability." Reliability can be inferred where the evidence falls within a hearsay exception. Additionally, the court in United States v. Owens, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988), held that the confrontation clause guarantees only an opportunity for effective cross-examination, not cross-examination in whatever way the defendant might wish.
Here, the witnesses are definitely unavailable since they are all dead. They testified at the previous trial. Although the defendant was unable to question the witnesses at the prior trial, his trial counsel did. It is clear that his trial counsel was not ineffective and the defendant's claim that he was, set forth in his motion for post *594 conviction relief pursuant to Florida Rules of Criminal Procedure 3.850, was denied by the judge who conducted the original trial. Thus, even though the original trial judge erred in denying the motion for self representation, according to our opinion which reversed him, there is no bar to the admission of the prior testimony since counsel did cross-examine the witnesses and there is no reason to believe that the defendant acting for himself would have done a better job. Moreover, there is authority suggesting that statements are admissible even where there is no cross-examination if it is clear that the declarant actually made the statement in question and there is circumstantial evidence supporting its veracity. United States v. Snyder, 872 F.2d 1351 (7th Cir.1989). As a consequence, a violation of the defendant's Sixth Amendment right can be overcome if the statements contain adequate "indicia of reliability."
In addition, the witnesses' statements here qualified, under section 90.804, Florida Statutes (1989), as an exception to the hearsay rule authorizing the use of former testimony. More importantly, the defendant's attorney cross-examined the witnesses, the witnesses were under oath and the proceeding was conducted before a judicial tribunal. These factors indicate compliance with the confrontation requirements. Nazworth v. State, 352 So.2d 916 (Fla. 1st DCA 1977); See Richardson v. State, 247 So.2d 296 (Fla. 1971). Accordingly, the trial court erred in granting the motion in limine.
We do not suggest that the entire content of the prior testimony excluded is admissible. Upon remand, in accordance with this opinion and the law of this state, the trial judge will have to decide what is and what is not admissible.
We find no merit in the remaining issues on appeal.
AFFIRMED IN PART; REVERSED IN PART.
STONE and POLEN, JJ., concur.
NOTES
[1] Kleinfeld, 568 So.2d at 937, involved the Sixth Amendment right to self-representation. The trial judge in that case concluded that the defendant did not have that right. On appeal, this court reversed, holding that the trial court could not make that determination without a hearing to consider whether sufficient, unusual circumstances were present to justify a deprivation of the right to self-representation. 568 So.2d at 938-940.