PER CURIAM.
Appellant seeks to invoke this court’s discretionary jurisdiction to review a Palm Beach County County Court order certified by the county court to be of great public importance. We think the order in question is not of the character described in Florida Rule of Appellate Procedure 9.030(b)(4). Accordingly we are unable to accept the appeal.
District courts have discretionary jurisdiction to review by appeal a non-final order which the county court has certified to be of great public importance, provided the order is otherwise appealable to the circuit court under rule 9.140(c). Fla. R.App.P. 9.030(b)(4)(B), 9.160. Appellant evidently believes the present order is one that could be appealed to the circuit court pursuant to rule 9.140(c)(1)(B), which permits the state to appeal an order “suppressing before trial confessions, admissions or evidence obtained by search and seizure.” We disagree.
The order that appellant wishes reviewed by this court requires the state to lay a traditional predicate for breathalyzer test results that it wishes to introduce into evidence. This court entered an order which in effect asked the state to show cause why this court should not refuse jurisdiction for lack thereof. In response the state urged that the order was appealable because it suppressed the use of the HRS rules as evidence of satisfaction of the evidentiary predicate, citing State v. Kleinfeld, 587 So.2d 592, 593 (Fla. 4th DCA 1991). Alternatively, the state, relying on Johnson v. Citizens State Bank, 537 So.2d 96 (Fla.1989), said that the order is reviewable by certiorari. The state added that if this court does not accept jurisdiction, it should transfer the case to the circuit court.
State v. Kleinfeld concerned the appeala-bility of an order, upon a motion in limine, that excluded from evidence the testimony of three important witnesses, who had since died, taken in a prior trial of the defendant for the same offense. This court held that that issue fell within the suppression of admissions portion of rule 9.140(c)(1)(B).
The Kleinfeld court cited, in support of its conclusion that the order was appeal-able, the following cases: State v. Brea, 530 So.2d 924 (Fla.1988) (suppression of admissions by coconspirator is appealable under rule 9.140(c)(1)(B); admission referred to in that rule is not limited to that of the defendant himself); State v. Palmore, 495 So.2d 1170 (Fla.1986) (state has a statutory right to appeal pretrial order barring it from entering into evidence during its case in chief a sworn statement signed by the defendant); State v. Segura, 378 So.2d 1240 (Fla. 2d DCA 1979) (effect of grant of motion in limine was exclusion of testimony respecting cannabis found on boats; order was thus equivalent of pretrial order granting motion to suppress, and appealable under rule 9.140(c)(1)(B)).
Of the above authorities the one whose circumstances come closest to those of the instant case is Segura. The others are quite distinguishable and by no means support the proposition that the instant order is appealable. Neither does Segura, as there the order in question, entered before trial, had the effect of suppressing physical evidence. We do not perceive the present order as doing this.
Assuming, arguendo, that an order suppressing breathalyzer test results as such would be reviewable by appeal, here we have no more than an order requiring the state to lay a traditional predicate placing breathalyzer test results in evidence, in lieu of relying on the rules as has been its custom. The traditional predicate would include evidence or testimony of the integrity or reliability of the particular breath-blood alcohol testing machine used, State v. Donaldson, 579 So.2d 728, 729 (Fla.1991). There would presumably also have to be proof of the qualifications of the person administering the test. The trial court’s *717 decision appears to be an inconvenience or a hindrance, not an absolute bar to submission of breathalyzer test results.
We cannot accept the reasoning that an order which has the effect of preventing the state from relying on citation of the pertinent administrative rules as an adequate predicate for introducing breathalyzer test results into evidence constitutes an order suppressing evidence obtained by search and seizure.
Appellant’s alternative line of reasoning is that if the trial court’s order requiring the laying of a traditional predicate for the admission of breathalyzer test results is not appealable under rule 9.140, then it is at least a proper candidate for review by certiorari. Appellant cites Johnson v. Citizens State Bank, 537 So.2d 96. That authority held that where a party sought appellate review of a nonappealable order, and notice of appeal was timely filed in the lower tribunal, notice of appeal did not need to be filed in the appellate court within thirty days of the date of rendition of the order, for the appellate court to have jurisdiction to treat the notice of appeal as a petition for writ of certiorari. The jurisdiction to treat the matter as a petition for writ of certiorari was vested as a result of the timely filing of the notice with the clerk of the lower court.
Johnson v. Citizens State Bank may be relied on as authority for the proposition that there is no time bar that would prevent transfer of this case to the circuit court as a petition for writ of certiorari, if it is found not to be a proper appeal. That authority does not speak to “pass through” for review by this court of an order that is properly reviewable only by certiorari, but which would ordinarily be reviewable in the circuit court, rather than here.
We call attention to the language of rule 9.030(b)(4) and throughout rule 9.160. The rules consistently refer to appeal. Rule 9.030(b)(4)(B) permits discretionary review by the district court of “non-final orders otherwise appealable to the circuit court under rule 9.140(c) which the county court has certified to be of great public importance.” (Emphasis added.) Rule 9.160 speaks consistently of appeal, and requires the filing of a notice of appeal substantially in the form set forth in the rules governing forms of that sort. We do not think the authors of the rule contemplated inclusion of pass through of certiorari petitions.
It was briefly otherwise. In the opinion originally promulgating rule 9.160 and related rules, the Supreme Court identified the new rules as implementing “the legislative enactment of chapter 84-303, sections 3 and 4, Laws of Florida.” The Florida Bar Re: Rules of Appellate Procedure, 463 So.2d 1114, 1114 (Fla.1984, on rehearing, 1985).
The section of that session law directly connected with rule 9.160 is section 4, which enacted an addition to section 924.08, Florida Statutes. As written, that addition to section 924.08 appeared to provide for pass through to the district court for review, any order or judgment of the county court, provided it was certified. The rule initially adopted by the Supreme Court in 1984 and rule 9.030(b)(4) as then added to rule 9.030 were as broad. The above referred-to addition to section 924.08 never found its way into Florida Statutes, however; and the Florida Supreme Court on rehearing repealed the rules as previously adopted, and narrowed, limited and qualified the originally blanket “pass through” provisions, by more narrowly defining discretionary review by the district courts, using the language now found in rule 9.030(b)(4), and by making numerous changes in rule 9.160. 463 So.2d 1114, 1124-26.
Clearly, as the pertinent rules now stand, the discretionary jurisdiction of this court to review non-final county court orders is limited to orders appealable by the state under rule 9.140(c).
Here the pretrial order does not suppress the results of breathalyzer testing, but merely requires the state to provide a particular kind of predicate before submitting the breathalyzer test results. We conclude that this court may not assert jurisdiction in this case. We think the order sought to be reviewed may be reviewed by certiorari in the circuit court. Accordingly we trans *718 fer this case to the circuit court for disposition within its certiorari jurisdiction conferred by rule 9.030(c)(2) and (3).
ANSTEAD, LETTS and HERSEY, JJ., concur.