PER CURIAM.
The state seeks to have this court exercise jurisdiction pursuant to rule 9.160, Florida Rules of Appellate Procedure. District courts may only exercise jurisdiction pursuant to that rule if the order being challenged is otherwise appealable to the circuit court pursuant to rule 9.140(c), Florida Rules of Appellate Procedure. See rule 9.030(b)(4)(B), Fla.R.App.P. The order of the county court which is being appealed held that the state could not rely on compliance with Department of Health and Rehabilitative Services’ rules to supplant the traditional predicate for the introduction of breathalyzer test results. The order in this case, as in State v. Kepke, 596 So.2d 715 (Fla. 4th DCA1992), is not an absolute bar to admission of breathalyzer test results and, thus, since it does not suppress evidence, it is not appealable under rule 9.140(c)(1)(B), Florida Rules of Appellate Procedure. We, therefore, determine we are without jurisdiction. See Kepke, supra.
This case is, therefore, transferred to the circuit court for disposition where the parties may raise any issues related to the circuit court’s jurisdiction.
ZEHMER, ALLEN and WOLF, JJ., concur.