JEFFREY W. PURCELL *vs.* DISTRICT ATTORNEY FOR THE
SUFFOLK DISTRICT.

Suffolk. October 9, 1996. - January 13, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, O'CONNOR, GREANEY, & FRIED, JJ.

*Attorney at Law,* Attorney-client relationship. *Privileged Communication.*
*Evidence,* Privileged communication.

This court recognized the general principle of a crime-fraud exception to
the attorney-client privilege [111-113], and stated that the burden of
proof by a preponderance of the evidence that the exception applies is to
be borne by the opponent of the applicability of the testimonial privilege
[113].

In any proceeding in which the crime-fraud exception to the attorney-client
privilege is asserted, a judge has discretion to conduct an in camera
review of the conversations in question upon a showing of a factual
basis adequate to support a reasonable belief that such a review may es-
tablish that the exception applies [113], in circumstances in which an in
camera proceeding is in the public interest [114].

In a criminal case there was insufficient factual basis to conclude that the
defendant had consulted an attorney for the purpose of obtaining advice
in furtherance of the crime alleged to warrant the judge's denial, on the
ground that the crime-fraud exception to the attorney-client privilege
applied, of the attorney's motion to quash a subpoena to testify at the
defendant's trial as to a certain conversation between the defendant and
the attorney. [113]

A criminal matter in which an attorney sought to quash a subpoena to
testify about a certain conversation between the defendant and the at-
torney was remanded for a determination whether the attorney-client
privilege applied to the conversation in issue. [114-116]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on June 4, 1996.

The case was reported by *Abrams,* J.

*Daniel S. Manning (Jeffrey W. Purcell* with him) for the
plaintiff.

*Katherine E. McMahon,* Assistant District Attorney (*Paul
Treseler,* Assistant District Attorney, with her), for the
District Attorney for the Suffolk District.

*Ernest Winsor* for the Massachusetts Law Reform Institute, Inc., amicus curiae, submitted a brief.

*Michael J. Traft* for Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.

WILKINS, C.J. On June 21, 1994, Joseph Tyree, who had received a court order to vacate his apartment in the Allston section of Boston, consulted the plaintiff, Jeffrey W. Purcell, an attorney employed by Greater Boston Legal Services, which provides representation to low income individuals in civil matters. Tyree had recently been discharged as a maintenance man at the apartment building in which his apartment was located. On the day that Tyree consulted Purcell, Purcell decided, after extensive deliberation, that he should advise appropriate authorities that Tyree might engage in conduct harmful to others. He told a Boston police lieutenant that Tyree had made threats to burn the apartment building.

The next day, constables, accompanied by Boston police officers, went to evict Tyree. At the apartment building, they found incendiary materials, containers of gasoline, and several bottles with wicks attached. Smoke detectors had been disconnected, and gasoline had been poured on a hallway floor. Tyree was arrested and later indicted for attempted arson of a building.

In August, 1995, the district attorney for the Suffolk district subpoenaed Purcell to testify concerning the conversation Purcell had had with Tyree on June 21, 1994. A Superior Court judge granted Purcell's motion to quash the subpoena. The trial ended in a mistrial because the jury were unable to reach a verdict.

The Commonwealth decided to try Tyree again and once more sought Purcell's testimony. Another Superior Court judge concluded that Tyree's statements to Purcell were not protected by the attorney-client privilege, denied Purcell's motion to quash an anticipated subpoena, and ordered Purcell to testify. Purcell then commenced this action, pursuant to G. L. c. 211, § 3, in the single justice session of this court. The parties entered into a stipulation of facts, and a single justice reserved and reported the case to the full court.

There is no question before this court, directly or indirectly, concerning the ethical propriety of Purcell's disclosure to the police that Tyree might engage in conduct that would be

harmful to others. As bar counsel agreed in a memorandum submitted to the single justice, this court's disciplinary rules regulating the practice of law authorized Purcell to reveal to the police "[t]he intention of his client to commit a crime and the information necessary to prevent the crime." S.J.C. Rule 3:07, Canon 4, DR 4-101 (C) (3), as appearing in 382 Mass. 778 (1981).[1] The fact that the disciplinary code permitted Purcell to make the disclosure tells us nothing about the admissibility of the information that Purcell disclosed. See *Kleinfeld* v. *State*, 568 So. 2d 937, 939-940 (Fla. Dist. Ct. App. 1990).

The district attorney does not press the fact that Purcell may not be entitled to relief under G. L. c. 211, § 3, because he could resist testifying, be held in contempt, and then appeal. A single justice has reported this case, implicitly indicating that a discretionary exercise of authority under G. L. c. 211, § 3, in Purcell's favor would be appropriate if his legal position is sound.

The attorney-client privilege is founded on the necessity that a client be free to reveal information to an attorney, without fear of its disclosure, in order to obtain informed legal advice. *Matter of a John Doe Grand Jury Investigation*, 408 Mass. 480, 481-482 (1990). It is a principle of long standing. See *Foster* v. *Hall*, 12 Pick. 89, 93 (1831). The debate here is whether Tyree is entitled to the protection of the attorney-client privilege in the circumstances.

The district attorney announces the issue in his brief to be whether a crime-fraud exception to the testimonial privilege applies in this case. He asserts that, even if Tyree's communication with Purcell was made as part of his consultation

---

[1]The same conclusion would be reached under rule 1.6 (b) (1) of the Proposed Massachusetts Rules of Professional Conduct, now pending before the Justices. Under rule 1.6 (b) (1), as now proposed, a lawyer may reveal confidential information relating to a client "to prevent the commission of a criminal or fraudulent act that the lawyer reasonably believes is likely to result in death or substantial bodily harm, or in substantial injury to the financial interests or property of another." Unlike DR 4-101 (C) (3), which allows disclosure of a client's intention to commit any crime, disclosure of a client's intention to commit a crime is permissible under proposed rule 1.6 (b) (1) only as to crimes threatening substantial consequences, and disclosure is permitted based on an attorney's reasonable belief of the likely existence of the threat rather than, as is the case under DR 4-101 (C) (3), a known intention of the client to commit a crime.

concerning the eviction proceeding, Tyree's communication concerning his contemplated criminal conduct is not protected by the privilege. We shall first consider the case on the assumption that Tyree's statements to Purcell are protected by the attorney-client privilege unless the crime-fraud exception applies.

"It is the purpose of the crime-fraud exception to the attorney-client privilege to assure that the 'seal of secrecy,' . . . between lawyer and client does not extend to communications 'made for the purpose of getting advice for the commission of a fraud' or crime" (citation omitted). *United States* v. *Zolin*, 491 U.S. 554, 563 (1989), quoting *O'Rourke* v. *Darbishire*, [1920] App. Cas. 581, 604 (P.C.). There is no public interest in the preservation of the secrecy of that kind of communication. See *United States* v. *Zolin, supra* at 562-563; *Matter of a John Doe Grand Jury Investigation, supra* at 486.

Our cases have not defined a crime-fraud exception to the attorney-client privilege with any precision. In *Matter of a John Doe Grand Jury Investigation, supra* at 486, the court stated that there was "no legitimate interest of a client and no public interest would be served by a rule that would preserve the secrecy of" a conversation between attorney and client in a conference related to the possible future defrauding of an insurance company. We cited *Commonwealth* v. *Dyer*, 243 Mass. 472 (1922), cert. denied, 262 U.S. 751 (1923), in which we said that "[t]here is no privilege between attorney and client where the conferences concern the proposed commission of a crime by the client." *Id*. at 505-506. The cases cited in our *Dyer* opinion and the facts of that case — the attorney was alleged to be part of the conspiracy — demonstrate that the exception asserted concerned conferences in which the attorney's advice was sought in furtherance of a crime or to obtain advice or assistance with respect to criminal activity.

We, therefore, accept the general principle of a crime-fraud exception. The Proposed Massachusetts Rules of Evidence adequately define the crime-fraud exception to the lawyer-client privilege set forth in rule 502 (d) (1) as follows: "If the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud." We need not at this time consider seemingly minor

variations of the exception expressed in various sources. See Restatement (Third) of the Law Governing Lawyers § 132, and authorities cited in Reporters' Note at 465-466 (Proposed Final Draft No. 1 1996). The applicability of the exception, like the existence of the privilege, is a question of fact for the judge.

The district attorney rightly grants that he, as the opponent of the application of the testimonial privilege, has the burden of showing that the exception applies. See M.A. Larkin, Federal Testimonial Privileges § 2:07, at 2-150 (1995); P.R. Rice, Attorney-Client Privilege in the United States § 8:3, at 571-572 (1993); S.N. Stone & R.K. Taylor, Testimonial Privileges § 1.65, at 1-173 — 1-174 (2d ed. 1995). In its *Zolin* opinion, the Supreme Court did not have to decide what level of showing the opponent of the privilege must make to establish that the exception applies. See *United States* v. *Zolin, supra* at 563-564 n.7. We conclude that facts supporting the applicability of the crime-fraud exception must be proved by a preponderance of the evidence. However, on a showing of a factual basis adequate to support a reasonable belief that an in camera review of the evidence may establish that the exception applies, the judge has discretion to conduct such an in camera review. *United States* v. *Zolin, supra* at 572. Once the judge sees the confidential information, the burden of proof normally will be unimportant.

In this case, in deciding whether to conduct a discretionary in camera review of the substance of the conversation concerning arson between Tyree and Purcell, the judge would have evidence tending to show that Tyree discussed a future crime with Purcell and that thereafter Tyree actively prepared to commit that crime. Without this evidence, the crime of arson would appear to have no apparent connection with Tyree's eviction proceeding and Purcell's representation of Tyree. With this evidence, however, a request that a judge inquire in camera into the circumstances of Tyree's apparent threat to burn the apartment building would not be a call for a "fishing expedition," and a judge might be justified in conducting such an inquiry. The evidence in this case, however, was not sufficient to warrant the judge's finding that Tyree consulted Purcell for the purpose of obtaining advice in furtherance of a crime. Therefore, the order denying the motion to quash because the crime-fraud exception applied cannot be upheld.

There is a consideration in this case that does not appear in other cases that we have seen concerning the attorney-client privilege. The testimony that the prosecution seeks from Purcell is available only because Purcell reflectively made a disclosure, relying on this court's disciplinary rule which permitted him to do so. Purcell was under no ethical duty to disclose Tyree's intention to commit a crime. He did so to protect the lives and property of others, a purpose that underlies a lawyer's discretionary right stated in the disciplinary rule. The limited facts in the record strongly suggest that Purcell's disclosures to the police served the beneficial public purpose on which the disciplinary rule was based.

We must be cautious in permitting the use of client communications that a lawyer has revealed only because of a threat to others. Lawyers will be reluctant to come forward if they know that the information that they disclose may lead to adverse consequences to their clients. A practice of the use of such disclosures might prompt a lawyer to warn a client in advance that the disclosure of certain information may not be held confidential, thereby chilling free discourse between lawyer and client and reducing the prospect that the lawyer will learn of a serious threat to the well-being of others. To best promote the purposes of the attorney-client privilege, the crime-fraud exception should apply only if the communication seeks assistance in or furtherance of future criminal conduct. When the opponent of the privilege argues that the communication itself may show that the exception applies and seeks its disclosure in camera, the judge, in the exercise of discretion on the question whether to have an in camera proceeding, should consider if the public interest is served by disclosure, even in camera, of a communication whose existence is known only because the lawyer acted against his client's interests under the authority of a disciplinary rule. The facts of each situation must be considered.

It might seem that this opinion is in a posture to conclude by stating that the order denying the motion to quash any subpoena to testify is vacated and the matter is to be remanded for further proceedings concerning the application of the crime-fraud exception. However, the district attorney's brief appears to abandon its earlier concession that all communications between Tyree and Purcell should be treated as protected by the attorney-client privilege unless the crime-

fraud exception applies. The question whether the attorney-client privilege is involved at all will be open on remand. We, therefore, discuss the issue.

The attorney-client privilege applies only when the client's communication was for the purpose of facilitating the rendition of legal services. See Rule 502 (b) of the Proposed Massachusetts Rules of Evidence; Restatement (Third) of the Law Governing Lawyers § 118 (Proposed Final Draft No. 1 1996) (communication "for the purpose of obtaining or providing legal assistance"); 8 J. Wigmore, Evidence § 2292, at 554 (McNaughton rev. ed. 1961) (communication relating to seeking legal advice). See also *In re Richard Roe, Inc.,* 68 F.3d 38, 40 (2d Cir. 1995) ("the crime-fraud exception does not apply simply because privileged communications would provide an adversary with evidence of a crime or fraud"); *United States* v. *United Shoe Mach. Corp.,* 89 F. Supp. 357, 358 (D. Mass. 1950) (communication "for the purpose of securing primarily either [i] an opinion on law or [ii] legal services or [iii] assistance in some legal proceeding"); *People* v. *Clark,* 50 Cal. 3d 583, 622, cert. denied, 498 U.S. 973 (1990) (crime-fraud exception "permits disclosure only of communications made to *enable* or *aid* anyone to commit or plan to commit a crime or fraud"). The burden of proving that the attorney-client privilege applies to a communication rests on the party asserting the privilege. *United States* v. *Harrelson,* 754 F.2d 1153, 1167 (5th Cir.), cert. denied, 474 U.S. 908, and cert. denied, 474 U.S. 1034 (1985); M.A. Larkin, Federal Testimonial Privileges § 2.05 [2], at 2-98 (1995); P.R. Rice, Attorney-Client Privilege in the United States § 11:9, at 971 (1993); S.N. Stone & R.K. Taylor, Testimonial Privileges § 1.61, at 1-161 (2d ed. 1995). The motion judge did not pass on the question whether the attorney-client privilege applied to the communication at all but rather went directly to the issue of the crime-fraud exception, although not using that phrase.

A statement of an intention to commit a crime made in the course of seeking legal advice is protected by the privilege, unless the crime-fraud exception applies. That exception applies only if the client or prospective client seeks advice or assistance in furtherance of criminal conduct. It is agreed that Tyree consulted Purcell concerning his impending eviction. Purcell is a member of the bar, and Tyree either was or sought

to become Purcell's client. The serious question concerning the application of the privilege is whether Tyree informed Purcell of the fact of his intention to commit arson for the purpose of receiving legal advice or assistance in furtherance of criminal conduct. Purcell's presentation of the circumstances in which Tyree's statements were made is likely to be the only evidence presented.

This is not a case in which our traditional view that testimonial privileges should be construed strictly should be applied. See *Three Juveniles* v. *Commonwealth*, 390 Mass. 357, 359-360 (1983), cert. denied sub nom. *Keefe* v. *Massachusetts*, 465 U.S. 1068 (1984); *Commonwealth* v. *O'Brien*, 377 Mass. 772, 775 (1979). A strict construction of the privilege that would leave a gap between the circumstances in which the crime-fraud exception applies and the circumstances in which a communication is protected by the attorney-client privilege would make no sense. The attorney-client privilege "is founded upon the necessity, in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure." *Matter of a John Doe Grand Jury Investigation*, 408 Mass. 480, 481-482 (1990), quoting *Hunt* v. *Blackburn*, 128 U.S. 464, 470 (1888). Unless the crime-fraud exception applies, the attorney-client privilege should apply to communications concerning possible future, as well as past, criminal conduct, because an informed lawyer may be able to dissuade the client from improper future conduct and, if not, under the ethical rules may elect in the public interest to make a limited disclosure of the client's threatened conduct.

A judgment should be entered in the county court ordering that the order denying the motion to quash any subpoena issued to Purcell to testify at Tyree's trial is vacated and that the matter is remanded for further proceedings consistent with this opinion.

*So ordered.*