Bohn, J.
This action arises out of an estate plan by which a family farm was left solely to one of four siblings. The plaintiffs are the three siblings who challenge the estate plan, alleging that the four siblings were to inherit the family farm jointly but that, less than two weeks before his death, and subject to improper influence, the decedent changed his estate plan.
The subject of the within motion is Attorney Roger B. Leland, the decedent’s attorney and confidante, who drafted the documents concerning the estate plan. On February 1, 1999, the plaintiffs served Leland with a deposition subpoena attaching a request to produce certain documents. On May 21, 1999, Leland turned over several client files on the matter, but refused to produce, as requested, his time entries, bills, telephone records, tape recordings, or bank account records concerning his services to the decedent. *569 The plaintiffs then filed this motion to compel, arguing that the documents at issue are essential to establish the chronology of events and details thereof during the last days and weeks of their father’s life, when the estate plan was revised to exclude them. For the following reasons, the plaintiffs’ motion will be ALLOWED.

DISCUSSION

Rule 26(b)(1) of the Massachusetts Rules of Civil Procedure allows parties to obtain discovery regarding any matter not privileged which is relevant to the subject matter involved in the pending action. The existence of a privilege, specifically the attorney-client privilege, is a question of fact for the court. In the Matter of Reorganization of Elec. Mut. Liability Ins. Co. Ltd. (Bermuda), 425 Mass. 419, 421 (1997), citing Purcell v. District Attorney for the Suffolk Dist., 424 Mass. 109, 113 (1997). The burden ofprovingthat the attorney-client privilege applies to a communication rests on the party asserting the privilege. Id., citing Purcell, 424 Mass. at 115. This burden extends not only to a showing of the existence of the attorney-client relationship, but to all other elements involved in the determination of the existence of the privilege, including the fact that (1) the communications were received from a client during the course of the client’s search for legal advice from the attorney in his or her capacity as such; (2) the communications were made in confidence; and (3) the privilege as to these communications has not been waived. Id.; see also Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 604 (D. Mass. 1992).
In certain circumstances, an executor or administrator of an estate may waive the attorney-client privilege of a decedent. Ryan v. Ryan, 419 Mass. 86, 95 (1994), citing District Attorney for the Norfolk Dist. v. Magraw, 417 Mass. 169, 172-74 (1994). Waiver of the privilege may also occur if there has been partial disclosure of privileged information with respect to the communication. AMCA Int’l Corp. v. Phipard, 107 F.R.D. 39, 40-44 (D. Mass. 1985).
An analysis of the facts of this case warrants disclosure of the disputed documents for the following reasons. First, the requests for documents are sufficiently limited in time and scope and request relevant documents that will assist the plaintiffs in establishing the chronology of events and details thereof during the last days and weeks of their father’s life, when the estate plan was allegedly changed.
Second, the time entries, bills, telephone records, and bank account records concerning the decedent are not privileged since they are not communications received from the decedent during the course of legal representation. See In the Matter of Reorganization of Elec. Mut. Liability Ins. Co. Ltd. (Bermuda), 425 Mass. at 421.
Third, this Court finds that any attorney-client privilege which may have existed with respect to any of the documents, including the tape recordings, can not be asserted since the case concerns an estate and the determination of who takes by succession. See Phillips v. Chase, 201 Mass. 444, 449 (1909) (where controversy is not between an estate and persons claiming against it, but is to determine who takes property by succession, reason for privilege does not exist and neither can set up claim of privilege against the other); see also Walsh v. Keefe, 4 Mass.App.Ct. 771 (1976).
Since the documents will be produced to the plaintiffs by Leland, it is not necessary to address whether any attorney-client privilege that may have existed was waived by either Leland[1] or by the executors.[2]

ORDER

For the foregoing reasons, the plaintiffs’ motion will be ALLOWED.

 The Court notes that Attorney Leland could not, as a matter of law, waive the attorney-client privilege since the privilege belongs to the client. Matter of John Doe Grand Jury Investigation, 408 Mass. 480, 483 (1990), citing Hatton v. Robinson, 14 Pick. 416, 422 (1833); contra Amgen Inc. v. Hoechst Marion Roussel, Inc., et al., U.S.D.C. for the D. Mass. No. 97-10814 (01/18/00, Young, J.).

 Although not an issue raised by the parties, the attorney work privilege would also not protect the documents at issue from disclosure. The work product privilege was formulated to protect counsel’s thoughts and conclusions from an adversary. Ward v. Peabody, 380 Mass. 805, 817 (1980). The doctrine protects work from discovery by opposing counsel in the case for which the work product was prepared. Further, when the activities of counsel are inquired into because they are at issue, “there is cause for production of documents that deal with such activities, though they are ‘work product.’ " Id., quoting 4 Moore's Federal Practice para. 26.62(4], at 26-447 (2d ed. 1979).