STONE, J.
We deny a petition for writ of certiorari, seeking relief from an order compelling discovery. Petitioner contends that the order, compelling interrogatory responses, forces a disclosure that will constitute a breach of the attorney-client privilege.
The subject of the interrogatory is a comment made to an attorney by his client in the course of the client’s bitter legal dispute with his sister over their mother’s estate. The client allegedly threatened to kill his sister to end the dispute if it was not resolved favorably. Some weeks after the threat, while waiting for a deposition to begin, the client shot and killed his sister. He then turned his gun against himself.
The sister’s estate filed this wrongful death suit against the brother’s estate. In the course of discovery, the sister’s éstate inquired whether the brother ever made threats against his sister. Upon discovering that the brother’s attorney knew about the threat and failed to warn, the sister’s estate amended its complaint to include the law firm.[1] The sister’s estate then submitted the interrogatories now under review to the law firm, seeking information surrounding the alleged threat.
The interrogatory asks the law firm to reveal: (1) who was present at the time the threat was made, (2) what was the brother’s demeanor at the meeting, (3) what did the lawyer say in response to the threat, and (4) what did the brother say concerning the threat. The trial court order modified the interrogatory, limiting its scope to the threat and nothing else discussed during the meeting, and compelled an answer.
While there is some discussion as to whether the criminal act exception to the attorney-client privilege of section 90.502(4)(a), Florida Statutes has been met, the trial court order is not based on a conclusion that the threat fell within that exception. Rather, Respondent’s argument is that the client’s threat was not made incident to seeking or receiving legal aid.. Specifically, the privileged discussion between the attorney and client, regarding the chent’s insistence on a favorable termination of the litigation, did not extend to the client’s threat to end the matter by killing his sister, which was expressed at the very conclusion of the conference, as the client was leaving the office. Accordingly, the threat is not protected by the privilege because it was not intended as a disclosure by the client necessary or. incident to obtaining informed legal advice. See Fisher v. United States, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976).
To the contrary, Petitioner relies upon this court’s holding in Kleinfeld v. State, 568 So.2d 937 (Fla. 4th DCA 1990), to suggest the brother’s comment to his lawyer was protected by the attorney-client privilege.
.In Kleinfeld, the defendant went through a bitter divorce and killed his wife’s attorney. Afterwards, Kleinfeld telephoned his own lawyer to complain about the pleadings filed by his attorney in the divorce, and said he knew the police had him on the murder and that he should just kill his own attorney (the person to *1248 whom he was speaking) and himself. While the trial court allowed the threatened attorney to testify as to this conversation, this court reversed, holding that it was error to admit the lawyer’s testimony.
We distinguish Kleinfeld because the conversation there was introduced to prove an admission (made to the defendant’s attorney), indicating that the client had committed the earlier homicide, clearly a privileged communication. Here, however, the underlying communication would be offered to prove that the client intended to commit a future murder. While Kleinfeld dealt with communications concerning a crime already committed, here, the murder had not yet been committed. Accordingly, if Kleinfeld had proceeded to kill his own attorney, the threat would not be privileged as to that act.
On the present facts, the trial court found that the threat was extraneous and was not a communication incident or necessary to obtaining legal advice. We cannot conclude on these facts that such a conclusion is a departure from the essential requirements of law. See generally Fisher v. United States, 425 U.S. 391, 408, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976)(the privilege “protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege”)(citing In re Horowitz, 482 F.2d 72, 81 (2d Cir.1973)). We note that, assuming the threat is credible and believed, the privilege would not have stood in the way of the attorney warning of the impending danger to the sister. See rule 4-1.6, Rules Regulating the Florida Bar.
POLEN and MAY, JJ., concur.

. There is no issue before us concerning whether these facts support a cause of action.