# Third District Court of Appeal

## State of Florida

Opinion filed February 24, 2021.

————————

No. 3D19-2179
Lower Tribunal No. 18-201-A-K

————————

**The State of Florida,**
Appellant,

vs.

**Hernan Francisco Marin,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Ashley Moody, Attorney General, and Brian H. Zack, Assistant Attorney General, for appellant.

The Upson Law Group, P.L., and Keith W. Upson (Naples), for appellee.

Before EMAS, C.J., and GORDO and BOKOR, JJ.

*ON MOTION FOR REHEARING*

GORDO, J.

We deny Appellee's Motion for Rehearing, withdraw our prior opinion filed December 9, 2020, and substitute this opinion in its stead.

The State appeals the trial court's order granting Hernan Marin's motion to exclude the audio-video recording of a controlled call with the victim in the underlying case. We have jurisdiction. See Fla. R. App. P. 9.140(c)(1)(B); see also State v. Palmore, 495 So. 2d 1170, 1170–71 (Fla. 1986) (stating that "a pretrial ruling exclud[ing] a tape recording based on the intelligibility and audibility of the tape" is reviewable under Rule 9.140(c)(1)(B)); State v. Kleinfeld, 587 So. 2d 592, 593 (Fla. 4th DCA 1991) ("Our supreme court has squarely upheld the state's right to non-final review of orders suppressing admissions." (citations omitted)).[1] The State argues the trial court abused its discretion in excluding the recording in its entirety because it contains audible portions discussing the crimes charged.[2] We agree, reverse and remand for further proceedings.

_____

[1] The State asks this Court, in the alternative, to treat its appeal as a petition for writ of certiorari. Although we recognize that other courts have done so, see, e.g., State v. Morgan, 171 So. 3d 210, 212–13 (Fla. 2d DCA 2015), here, we exercise jurisdiction under Florida Rule of Appellate Procedure 9.140(c)(1)(B).

[2] We do not address the relevance of the audible portions of the audio-video recording. As the trial court's order makes clear, the only issue addressed at the hearing was the audibility of the recording; the trial court has not yet considered the recording's relevance. Thus, we do not comment on the

2

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Marin with one count of aggravated assault with a deadly weapon without intent to kill and one count of felony battery or domestic battery by strangulation. On February 27, 2018, Lieutenant David Smith, who was investigating the alleged crimes, and Detective Wendy Negron met with the victim to conduct a controlled call with Marin. The controlled call was audio and video recorded on Lieutenant Smith's body-worn camera.

On October 27, 2019, Marin filed a motion seeking to exclude the recording of the controlled call on several grounds, including that it was mostly inaudible. The trial court held an evidentiary hearing regarding the call's admissibility, where it addressed only "whether the tape was sufficiently audible to be admitted into evidence at all." At the hearing, the trial court heard the recording but declined to admit a copy of the call transcript in evidence because it wanted to decide the audibility of the tape "without the influence of a written transcript." The entire hearing, including the playing of the controlled call recording, was transcribed by a court reporter.[3]

relevance of the recording, which is to be litigated upon remand for further proceedings.

[3] On appeal, the State filed an email correspondence from the court reporter in which she states that she "transcribed the audio of the controlled call that

3

During Lieutenant Smith's testimony, the State played the recording. He was able to hear Marin's statements pertaining to the crimes in question and explain the contents of the conversation between Marin and the victim. During cross-examination, Lieutenant Smith acknowledged that some of Marin's responses were inaudible.

On the record, the trial court observed that the recording "may be audible" but stated it was struggling to determine whether the recording contained relevant statements.[4] Later, in its written order, the trial court reached the opposite conclusion, finding the recording was largely "inaudible, unintelligible, and ultimately meaningless." The trial court granted the motion and excluded the recording in its entirety.

## STANDARD OF REVIEW

"A trial court has wide discretion concerning the admissibility of evidence, and a ruling on admissibility will not be disturbed unless there has been an abuse of discretion." Irving v. State, 627 So. 2d 92, 94 (Fla. 3d DCA 1993) (citing Jent v. State, 408 So. 2d 1024, 1029 (Fla. 1981)). The trial court's determination that the tape is audible, however, is a factual

was played in court based on what [she] heard in court, not based on any transcript."

[4] The trial court stated, "It may be audible . . . But, as I was listening to this, it was really hard for me to link it up to the crimes alleged herein."

4

determination subject to the competent, substantial evidence standard. McCoy v. State, 853 So. 2d 396, 403–04 (Fla. 2003).

## LEGAL ANALYSIS

"The general rule regarding admissibility of partially inaudible tape recordings is that such recordings are admissible unless the inaudible and unintelligible portions are so substantial as to deprive the remainder of relevance." Commerford v. State, 728 So. 2d 796, 798 (Fla. 4th DCA 1999) (citing Odom v. State, 403 So. 2d 936, 940 (Fla. 1981)). "Partial inaudibility or unintelligibility is not a ground for excluding a recording if the audible parts are relevant, authenticated, and otherwise properly admissible." Id. (citing Wilson v. State, 680 So. 2d 592, 594 (Fla. 3d DCA 1996)).

The State's evidence at the hearing demonstrated that the recording is largely audible. First, Lieutenant Smith testified regarding what he heard in open court. Second, the transcript of the proceedings contains a transcription of the majority of the recorded call, based on what was played in court. This demonstrates that the recording is, at minimum, sufficiently audible to be mostly transcribed just from hearing it played in a court proceeding. The recording, therefore, is not so "inaudible and [un]intelligible . . . as to deprive the audible portions of relevance." Martinez v. State, 761 So. 2d 1074, 1083 (Fla. 2000) (citations omitted). Thus, the trial court's

5

finding that the recording was inaudible was not supported by competent, substantial evidence, and it was an abuse of discretion to exclude the recording in its entirety on that basis.

Reversed and remanded.